### William Turner v. The State.

No. 11279.   Delivered January 11, 1928.

1.—Burglary — Accomplice Testimony — Corroboration Necessary — Rule Stated.

Art. 718 of our C. C. P. positively prohibits a conviction upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the accused with the commission of the offense.  This statute is mandatory.

**2.—Same—Continued.**

The test as to the sufficiency of the corroboration long recognized as correct by our courts is to eliminate from consideration the evidence of the accomplice and examine the testimony of other witnesses, with the view of ascertaining if from them comes incriminating evidence which tends to connect accused with the commission of the crime. If so, the corroboration is sufficient, otherwise not. See Welden v. State, 10 Tex. Crim. App. 400, and other cases cited.

**3.—Same—Continued.**

In the instant case, while the testimony of the accomplice witness, if true, clearly established appellant's guilt, yet no witness except the accomplice swears to a fact which ever remotely tended to connect appellant with the commission of the burglary, and the judgment must be reversed and the cause remanded.

Appeal from the District Court of Williamson County. Tried below before the Hon. Cooper Sansom, Judge.

Appeal from a conviction for burglary, penalty twelve years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for burglary, punishment being twelve years in the penitentiary.

We find it necessary to discuss only the question of the sufficiency of the evidence to corroborate the testimony of an admitted accomplice. Art. 718, C. C. P. (1925), positively prohibits a conviction upon the testimony of an accomplice unless corroborated by other evidence tending to connect accused with the commission of the offense. The test as to the sufficiency of the corroboration long recognized as correct by our courts is to eliminate from consideration the evidence of the accomplice and examine the testimony of other witnesses with the view of ascertaining if from them comes incriminating evidence which tends to connect accused with the commission of the offense. If so, the corroboration is sufficient, otherwise not. Welden v. State, 10 Tex. Crim. App. 400; Jones v. State, 59 Tex. Crim. Rep. 559, 129 S. W. 1118; Boone v. State, 90 Tex. Crim. Rep. 374, 235 S. W. 580; Durham v. State, 106 Tex. Crim. Rep. 85, 290 S. W. 1092. Applying this test to the present case we find the facts established by non-accomplice witnesses may be briefly stated as follows: On the night of April 20, 1927, a store at Jarrell, in Williamson County, was burglarized. The burglary was not discovered until the morning of the 21st of April. Merchandise was scattered over the house. Some suits,

hats, ladies' dresses, shoes, cigars, cigarettes and a small amount of money had been taken. One witness testified that he knew appellant, O'Neal, Hamilton and two girls, Jewell Hamilton and Addie Burnhardt; that he saw O'Neal and appellant in San Antonio about six o'clock on the evening of April 20th. The boys told witness they had brought the girls down to see him. They pointed out a Ford coupe and said they had come to San Antonio in it. He saw the girls about seven o'clock and took them to a fire station. The three men named came to the fire station in a large closed car about twelve o'clock that night and the three men and the two girls left in that car. They did not say where they were going and witness did not profess to have any knowledge upon that point, nor did he know the make of the car the parties left in. Some time during the day of April 22 another witness found in a lane about four and a half miles northeast of the city of Waco eight shoes, three pairs and two odd shoes. These shoes were turned over to the sheriff of Bell County. Some time between the 20th and 25th days of April a witness saw the five parties heretofore named at Mineral Wells. They were in a large closed car. They did not tell witness where they had been, but said they were going to Eastland or Ranger. The sheriff of Williamson County received the shoes which were exhibited at the trial from the sheriff of Bell County, and also received from the two girls two dresses which were exhibited at the trial. It was shown by the mother of Jewell Turner that she left home alone on the evening of the 18th or 19th day of April. Witness had seen her talking to Turner on that day. Jewell had been married to Turner, but her mother did not know whether she was divorced from him at that time.

If any fact other than those stated is discoverable from the record without going to the evidence of the accomplice we have failed to find it. In view of the mandatory provisions of Art. 718 (C. C. P.), which inhibits a conviction unless the testimony of the accomplice has been corroborated by evidence which tends to connect accused with the commission of the offense for which he is on trial, we cannot permit this conviction to stand. By the non-accomplice testimony appellant is never shown even in the company of the other parties mentioned nearer to the scene of the burglary than at San Antonio before it was committed and at Mineral Wells several days after its commission. No witness saw the parties at the point where the shoes were found in the lane near Waco. None of the stolen property is shown to have been in appellant's possession by

any witness save the accomplice. The evidence related not only fails to measure up to the requirements of Art. 718, but scarcely raises even a suspicion against appellant. No matter how complete a case may be made out by an accomplice witness, a conviction cannot stand unless the corroboration meets the requirements of the law. Meyer v. State, 104 Tex. Crim. Rep. 6, 282 S. W. 233, and authorities there collated. We quote from Chambers v. State (Tex. Crim. App.), 44 S. W. 495:

"Bill Haynes, a confessed thief, was the principal witness for the state. He makes out a clear case of theft against appellant, but, being an accomplice, the law requires that he should be corroborated before the jury is authorized to convict. Bill Haynes was corroborated by the testimony of other witnesses as to a great number of facts sworn to by him; but no witness in this case, except Bill Haynes, swears to a fact tending even remotely to criminate this defendant in the theft of the cattle. Now, it makes not the slightest difference how thorough the corroboration of the accomplice may be in regard to facts related by him, yet, unless there is some proof, independent of his testimony, tending to connect the defendant with the commission of the crime, there is no sufficient corroboration."

So in the present case Addie Burnhardt, the self-admitted accomplice, makes out a case against appellant; she was corroborated as to many facts testified to by her, but no witness except her swears to a fact which even remotely tended to connect appellant with the commission of the burglary.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*