C. E. WILSON V. THE STATE.

No. 16909. Delivered June 20, 1934.
State's Rehearing Denied October 17, 1934.
Reported in 74 S. W. (2d) 1020.

The opinion states the case.

*Jesse Owens* and *J. A. Storey,* both of Vernon, for appellant.

*Ed L. Gossett,* District Attorney, of Vernon, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is conspiracy to commit arson; the punishment, confinement in the penitentiary for two years.

It was charged in the indictment, in substance, that on or about October 8, 1931, in the County of Wilbarger and State of Texas, C. B. Boydston, Dick Crabtree and appellant unlawfully and wilfully conspired, combined and confederated and entered into a positive agreement with each other to wilfully and unlawfully set fire to and burn the house of Clyde Hamm there situate.

Appellant owned a house in the town of Vernon. It was agreed between Boydston, Crabtree and appellant that the house would be deeded to Boydston and that thereafter Crabtree would burn said house in order that the insurance might be collected. In making the pretended conveyance to Boydston it was appellant's purpose to have the title in the name of another in order that he (appellant) might not be suspected of committing the offense. Pursuant to the agreement between the parties, appellant conveyed the property to Boydston. Thereafter, on the 8th of October, 1931, Crabtree burned the house. The insurance was collected and divided between Crabtree and appellant, Crabtree receiving approximately $75. At the time the house was burned a house belonging to Clyde Hamm, which was within 20 feet of the house appellant had deeded to Boydston, was completely destroyed by fire communicated from Boydston's house.

There was no proof that appellant at any time entered into conspiracy with Boydston and Crabtree to burn Clyde Hamm's house. Bearing in mind that appellant is not charged in the present case with the offense of accomplice to arson, but with the substantive offense of conspiracy to burn the house of Boydston, we consider whether in the absence of proof of an agreement to burn Hamm's house, this conviction can be sustained on proof of the fact that the burning of the house last mentioned resulted from the burning of Boydston's house.

Article 1622, Penal Code, reads as follows: "A conspiracy is an agreement entered into between two or more persons to commit a felony."

We quote article 1623, Penal Code: "The offense of conspiracy is complete, although the parties conspiring do not proceed to effect the object for which they have so unlawfully combined."

Article 1624, Penal Code, reads as follows: "Before a conviction can be had for the offense of conspiracy, it must appear that there was a positive agreement to commit a felony. It will not be sufficient that such agreement was contemplated by the parties charged."

The substantive offense of conspiracy to commit a felony being complete when the conspiracy is entered into, it is a complete offense for which the parties can be prosecuted and punished. Rice v. State, 51 S. W. (2d) 364; King v. State, 216 S. W., 1091. It was essential to a conviction herein that the State establish that appellant and his co-conspirators entered into a positive agreement to burn the house of Clyde Hamm, as

charged in the indictment. We quote from 12 Corpus Juris, 627, as follows: "The purpose and object of a conspiracy must be proved as laid in the indictment."

In support of the text, among others, the following authorities are cited: Rabens v. United States, 146 Fed. Rep., 978; State v. Loser, 104, N. W., 337. Manifestly, proof that the parties entered into a positive agreement to burn the house of Boydston does not support the allegation in the indictment that a positive agreement was entered into to burn the house of Clyde Hamm.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for rehearing, and urges that our opinion nullifies and renders of no effect article 1308, P. C., which provides that when fire is communicated to a house by means of the burning of another house, or some combustible matter,—it is presumed that the intent was to destroy every house actually burnt; provided there was any apparent danger of such "Construction." We observe in passing that the word "construction" makes no sense in this connection. An examination of the original enactment shows that the word "Destruction" was then used.

It is alleged in this case that appellant conspired with others, who are named in the indictment, to burn the house of Clyde Hamm. The proof showed that the conspiracy was to burn the house of one Boydston, which was in a town and next door to the house of Clyde Hamm, which latter house caught fire from the burning of Boydston's house, and was destroyed by such fire, and it was apparent that the burning of the Boydston house would endanger Hamm's house.

We are inclined to think the State misapprehends the proper application of article 1308, supra. The offense of conspiracy to commit any crime,—and that of the commission of the crime referred to as the object of the conspiracy, if any,— are in law two separate offenses. See article 1623, P. C.; Johnson v. State, 3 Texas App., 590; Whitford v. State, 24 Texas App., 489; Dill v. State, 35 Texas Crim. Rep., 240; Bailey v. State, 42 Texas Crim. Rep., 289; Rice v. State, 121 Texas Crim. Rep.,

68, 51 S. W. (2d) 364; Braly v. State, 68 S. W. (2d) 504. The conspiracy is a complete offense when the parties thereto have come to agreement to commit the felony intended. See same authorities; also Dameron v. State, 201 Ind., 53; People v. Drury, 335 Ill., 539; Delaney v. State, 164 Tenn., 432, 51 S. W. (2d) 485; Runyan v. Farmers' Bank of Liberty Center, 210 Ia., 147; People v. Martin, 114 Cal. App., 392. In Meyers v. United States, 36 Fed. (2d) 859, it is said that the essence of a conspiracy is the unlawful agreement to violate a law,—rather than its actual violation; and the overt act required by the Crim. Code, sec. 37, and additional overt acts when pleaded,—are not parts of the crime.

This appellant might be convicted or acquitted upon his trial for conspiracy to commit arson, and still be separately tried for the substantive crime of arson, i. e. the burning of the house. Article 1308, supra, would seem to have no bearing upon the question of conspiracy, but to mean and refer wholly to the guilt vel non of him who having set fire to or criminally effected the burning of one house whose burning plainly endangers other buildings, is sought to be held for the burning of such other building.

Arson being a wilful burning, there is reason for the enactment of article 1308, P. C., which would thus attach the elements of wilfulness to the burning of all other houses so close to the one actually intended to be burned by the accused, so as to make their such destruction an apparent result therefrom, but our reasoning wholly fails when we try to make article 1308 also include the separate crime of conspiracy, which is no part of Title 17, P. C., where the arson statute is found; but is an offense in itself whether its object be to murder, steal, rob or burn.

Not being able to agree with the State, its motion for rehearing is overruled.

*Overruled.*