### W. Steve Witt v. The State.

No. 22729. Delivered February 9, 1944.

The opinion states the case.

*Dabney & Dabney,* of Eastland, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

The conviction is for the substantive crime of conspiracy to commit felony theft; the punishment, two years in the penitentiary.

The count in the indictment upon which the conviction was predicated charged, in effect, that appellant, Dean Hambrick, and Felix Haler entered into a conspiracy, in Gaines County, to steal, from W. H. Castleberry, corn of the value of $854.50.

The State dismissed as to Haler and used him as a witness. The case was submitted to the jury upon the theory—and the jury was so instructed—that appellant's guilt depended upon facts showing a conspiracy between Hambrick and himself to commit the crime of theft as alleged.

The sufficiency of the evidence to support the conviction is challenged.

Appellant was in the business of buying and selling grain, including corn. Trucks were used in the operation of the business. Haler was employed as a truck driver. Hambrick was an employee and was the overseer of the trucks.

According to Haler's testimony, he was instructed, by both appellant and Hambrick, to go to Seagraves, in Gaines County, and buy a load of corn. No specific instructions were given from whom the corn was to be purchased. He was given some blank checks, signed by appellant, with which to purchase the corn. Both Hambrick and appellant told Haler the checks were "good." Haler went to Seagraves and contacted Castleberry, from whom he purchased a truckload of corn, at an agreed price of something over $460.00. It appears that another employee of appellant had, the day before, bought a load of corn from Castleberry, and Castleberry suggested that the price of the load, as well as the one Haler was purchasing, be included in one check. Haler agreed, and gave Castleberry one of the checks funished him by appellant, and which Castleberry filled out for $854.50— the purchàse price of the two truckloads of corn. Haler made no representations to Castleberry regarding the check. Before the transaction was closed, Haler told Castleberry "that I would have to give him a check for this corn which was given to me to buy it with, and he said that was all right, he says, 'that is all right, we will take a chance on that'." The check so

given was, in due course of time, presented to the bank and was not paid; for what reason, the record does not disclose.

In addition to the foregoing, there was testimony showing other transactions, in other localities, similar to that detailed, in which the checks given for the purchase of grain by appellant or his employees were not paid.

The appellant did not testify as a witness in his own behalf nor did Castleberry, from whom, it was alleged, appellant and Hambrick conspired to steal the corn.

The substantive crime of conspiracy consists in the positive agreement entered into between two or more persons to commit a felony. Art. 1622, P. C. The offense is complete when the agreement is entered into, and it is not necessary that the object of the conspiracy be consummated. Art. 1625, P. C.

In so far as the crime of conspiracy is concerned, the most that the facts here presented show is that appellant and Hambrick, acting together, placed, in Haler's hands, blank checks, signed by appellant, which were represented as being "good," and with which Haler was to buy, and did buy, corn. The check he gave in payment therefor was not good, that is, it was not paid.

Such facts do not show the substantive crime of conspiracy as charged. Whatever agreement there was between appellant and Hambrick, there is an entire absence of any proof that would authorize the conclusion that same was to steal the property of Castleberry as charged. King v. State, 86 Tex. Cr. R. 407, 216 S. W. 1091; Wilson v. State, 127 Tex. Cr. 152, 74 S. W. (2d) 1020.

The judgment of the trial court is reversed and the cause remanded.

. The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.