## L. A. BARNES V. STATE.

No. 26,110. December 17, 1952.

*Murray J. Howze, Monahans,* for appellant.

*John R. Lee,* County Attorney, Kermit, and *George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is burglary; the punishment, two years.

The sole question presented for review is the sufficiency of the corroboration of the testimony of an accomplice who testified for the state.

The accomplice Fortune testified that he started off with appellant and one Mantooth in appellant's automobile for the purpose of burglary; that on the night charged in the indictment he and Mantooth broke into a store in the city of Wink (the offense involved in this prosecution) while appellant waited outside; that they took a safe therefrom and carried it several miles into the country, where they broke it open and discovered to their disappointment that it contained nothing of value and left the safe there in the sand dunes. Fortune testified further that, following this, they drove to the city of Kermit, where they attempted to burglarize a store, but were frightened away.

Sheriff Edding testified that two or three days after the burglary he went to the place where the safe had been discovered and there found the prints of two sets of shoe tracks, and one set of cowboy boot tracks, and tracks of automobile tires. The sheriff testified that at some undisclosed time and place he had seen the appellant's automobile, and the tires he found thereon would make the same kind of tracks as those he found near the safe. When being questioned further on the matter, the sheriff admitted that he did not remember noticing what kind of tires they were, but thought one was different from the others; however, he did not know on which wheel the odd brand had been. No pictures were made of any of the tracks. The sheriff also testified that some weeks after the burglary he had seen the appellant and that he was wearing cowboy boots at that time.

Constable Hodges testified that, at three or four o'clock of the same night as the Wink burglary, he had driven by a grocery store in the city of Kermit and saw the appellant sitting in an automobile like that described in the accomplice's testimony; that two other men were present, but that he did not see their faces; that, after he passed, the automobile drove away; and he followed it to the edge of town.

Hodges further testified that he had seen the same car again in the city of Odessa. He gave no testimony to connect appellant with the car he later saw in Odessa. The sheriff's testimony was deficient in the same respect.

In Turner v. State, 108 Tex. Cr. R. 486, 1 S. W. 2d 642, we said:

"The test as to the sufficiency of the corroboration long recognized as correct by our courts is to eliminate from consideration the evidence of the accomplice and examine the testimony of other witnesses with the view of ascertaining if from them comes incriminating evidence which tends to connect accused with the commission of the offense. If so, the corroboration is sufficient; otherwise, not."

Applying this test to the present case, we find the corroporation insufficient.

The judgment is reversed and the cause remanded.