**O. D. GARY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37003.**

Court of Criminal Appeals of Texas.

June 3, 1964.

---

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is robbery; the punishment, five years.

The sole question presented for review is the sufficiency of the evidence to corroborate the testimony of the self confessed robber and accomplice witness, Willie Moore. The witness Fant, an operator of a service station in Lubbock testified that at "just about dusk dark" on the night in question he observed a white and green Cadillac which "* * * looked like about a '57" parked at the curb some distance from his station, that a man (whom he later ascertained to be Moore) got out of the Cadillac, came in the station, secured change for a package of cigarettes, that while he was pursuing his other duties he became suspicious that Moore was attempting to gain entrance into his cash register and accused him of the same. He stated that Moore denied any such intent and returned to the Cadillac which was occupied by another colored man whom he was unable to identify, and the same was driven away before he could secure the license number. Fant testified that at approximately 2:45 a. m. the next day Moore returned alone to his station and robbed him at gun point of the money in the cash register. It should be noted that Fant neither saw nor heard an automobile at the time of the robbery.

The money itself was marked for identification and was shown by the arresting officer's testimony to have been recovered from Moore's pockets soon after the hold-up when he was arrested a short distance from the station while seated in the rear of a white and green Cadillac driven by appellant, who was accompanied by a woman friend. The Lubbock policeman had stopped appellant's automobile in response to a dispatch and, in addition to finding the money on Moore's person, also discovered that Moore was attempting to hide a pistol between his legs by covering it with his hands.

Appellant testifying in his own behalf denied that he had been in company with Moore earlier in the evening and testified that he and his girl friend had come upon Moore, whom he had known for a number of years, as he was walking alone some three blocks from the service station in question, had offered him a ride, and that Moore had gotten in the back seat shortly before his automobile was brought to a halt by the police.

This is the evidence in the case, outside of Moore's testimony that he had spent the evening with appellant, and that appellant had furnished the pistol and the stocking which he wore over his face during the commission of the robbery. It was his testimony that he had agreed to divide the proceeds of the robbery with appellant as compensation for driving him to and from the station, but that he had not done so because of their early apprehension by the police.

We have concluded that the evidence offered is insufficient to corroborate Moore's testimony and to support a finding of guilt. McCain v. State, 168 Tex.Cr.R. 407, 328 S.W.2d 295; Thomas v. State, 166 Tex.Cr. R. 331, 313 S.W.2d 311; Barnes v. State, 253 S.W.2d 440; Thompson v. State, 124 Tex.Cr.R. 661, 65 S.W.2d 299; Turner v. State, 108 Tex.Cr.R. 486, 1 S.W.2d 642; Carter v. State, 104 Tex.Cr.R. 163, 283 S.W. 174; and Jamail v. State, 99 Tex.Cr.R. 127, 268 S.W. 473. The judgment is reversed and the cause remanded.