**Andrew F. MURDOCH, Gale Stewart, Janice West, Larry West and Andrew L. Winsor, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 43257.**

Court of Criminal Appeals of Texas.

Dec. 9, 1970.

Branch T. Archer, Amarillo, for Murdoch.

Otho Miller, Amarillo, for Gale Stewart.

V. G. Kolius, Amarillo, for Janice and Larry West.

Charles Wittenberry, Amarillo, for Winsor.

Tom Curtis, Dist. Atty., and John B. Reese, Asst. Dist. Atty., Amarillo, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The conviction was for the substantive offense of conspiracy to commit the crime of theft; the punishment assessed each appellant, five (5) years, probated.

Appellants were jointly indicted and tried.

The sufficiency of the evidence is challenged.

These convictions arose from the following sequence of events. Gary Don Bennett appeared at a motorcycle club in Amarillo and with his new "Firebird" automobile, his leather clothes, his "full dresser motorcycle," his tales of personal business success in California and his lavish expenditures on food and drink for the appellants, impressed the appellants—all members of the motorcycle club. He offered appellants lucrative positions with his California company—Bennett Breaking Company—and as an inducement to accept his offer he agreed to advance appellants payments on their salaries. Checks were drawn on an account in the name of the Bennett Breaking Company and made out to appellants. Thereafter, appellants cashed such checks and returned the proceeds of the checks to Bennett. Bennett then gave the money to Cameile Self, a woman shown to have been living with him at the time, in order that she would hold the money to insure that appellants would accompany Bennett to California, as agreed, and to pay the expenses of the trip from Amarillo to California.

Cameile Self was an accomplice witness, having shared in the proceeds of the checks which she testified she knew was "illegal money." Kirkendall v. State, 132 Tex.Cr.R. 104, 102 S.W.2d 214; Odom v. State, Tex.Cr.App., 438 S.W.2d 912. Corroboration of her testimony is therefore essential to sustain appellants' convictions. Barnes v. State, 158 Tex.Cr.R. 93, 253 S.W.2d 440.

In Smith v. State, Tex.Cr.App., 363 S.W.2d 277, this Court held that a conspiracy conviction could not be sustained on the strength of the accused's confession where, as here, the only evidence in the record (other than the evidence to be corroborated) lacked any proof of a criminal intent on the part of the accused in entering into the agreement alleged to constitute the conspiracy.

The only corroborating evidence in this record showed that appellants cashed the checks which Bennett gave them, returning the proceeds thereof to Bennett or Self, and then accompanied Bennett and Self on a trip from Amarillo toward California, where they expected to be employed by Bennett. No evidence, other than Self's testimony, was adduced to show that the appellants knew an offense was to be committed by their action in cashing Bennett's checks, and there was no evidence to show that appellants agreed to the commission of any offense. Appellants were non co-conspirators under the holding in Thrash v. State, 170 Tex.Cr.R. 97, 338 S.W.2d 447, and their actions do not render them amenable to prosecution and conviction for conspiracy. Witt v. State, 146 Tex.Cr.R. 627, 177 S.W.2d 781.

Finding the evidence insufficient to support the conviction, the judgment of conviction of each of the appellants is reversed and the cause is remanded.