**Judith A. LINDSAY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53939.**

Court of Criminal Appeals of Texas, Panel No. 1.

April 25, 1979.

On Rehearing Nov. 7, 1979.

Art Brender, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Stephen R. Chaney, Clint Starr and Paul E. Gartner, Jr., Asst. Dist. Atty., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

William D. Kane, Jr., Asst. Dist. Atty., for the State on rehearing.

Before TOM G. DAVIS, DALLY and W. C. DAVIS, JJ.

## OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for conspiracy to commit capital murder.[1] Punishment was assessed by the jury at seven years in the Texas Department of Corrections.

In her twenty-second ground of error, appellant contends that the trial court erred in failing to grant her motion to quash the indictment under which she was prosecuted.

The indictment alleged in part that appellant:

"did then and there with intent that a felony, to wit: *capital murder for remuneration and the promise of remuneration,* be committed the said Judith Lindsay did then and there agree with Kenneth G. Davis, Jewelle Beard and Larry Whittaker that the said Judith Lindsay, Kenneth G. Davis, Jewelle Beard and Larry Whittaker *engage in conduct that would constitute said offense* and the said Kenneth G. Davis, performed an overt act in pursuance of said agreement, to wit: by shooting Larry Lindsay with a firearm . . ." [Emphasis added]

In her timely filed motion to quash, appellant asked the trial court to dismiss the indictment on the grounds that:

"2

"The term 'engage in conduct that would constitute said offense' fails to apprise the Defendant of the alleged conduct which would constitute the offense which is sought to be charged against her and thus fails to allow the Defendant to prepare her defense to said charge.

"3

"The indictment fails to state the elements of the alleged conduct which would constitute the offense allegedly conspired to by the Defendant, and thus fails to apprise the Defendant of the nature of the conspiracy which the Defendant is alleged to have participated in and of the possible proof with which (sic) she must meet in attempting to defend against said charge . . ."

Appellant now contends that the indictment failed to apprise her of the charge against her with such particularity as to enable her to prepare her defense. This contention was timely raised and therefore the fundamental constitutional protections of adequate notice and due process are involved. *Haecker v. State,* 571 S.W.2d 920 (Tex.Cr.App.1978); *Drumm v. State,* 560 S.W.2d 944 (Tex.Cr.App.1977). These fundamental protections require careful exami-

---

1. Sec. 15.02, V.T.C.A. Penal Code provides:
"(a) A person commits criminal conspiracy if, with intent that a felony be committed: (1) he agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and (2) he or one or more of them performs an overt act in pursuance of the agreement."
Sec. 19.03, V.T.C.A. Penal Code provides:

"(a) A person commits an offense if he commits murder as defined under Section 19.-02(a)(1) of this code and:
\* \* \* \* \* \*
(3) the person commits the murder for remuneration or the promise of remuneration or employs another to commit the murder for remuneration or the promise of remuneration."

nation and consideration from the perspective of the accused. *Haecker v. State*, supra.

■ An indictment must allege *facts* sufficient to give the accused notice of the particular offense with which he is charged. Article 21.11, Vernon's Ann.C.C.P. As we stated in *Haecker v. State*, supra:

"[i]t is not sufficient to say that the accused knew with what offense he was charged; rather, we must inquire as to whether the face of the instrument sets forth in plain and intelligible language sufficient information to enable the accused to prepare his defense. *Moore v. State*, 532 S.W.2d 333 (Tex.Cr.App.1976)."

■ In her motion to quash, appellant claimed that the indictment did not give her sufficient notice of the conduct or acts relied upon to constitute the offense; i. e., the conduct constituting the felony to which she and the other named persons agreed. The felony offense intended to have been committed was simply alleged as "capital murder for remuneration and the promise of remuneration." This allegation contained no facts to put appellant on notice of what specific conduct or acts by her upon which the State would rely for conviction. In the face of a motion to quash calling this to the attention of the trial court, we hold that the trial court erred in not granting appellant's request for allegations of her conduct which constituted the capital murder for remuneration and the promise of remuneration to have been committed by appellant.

In *Haecker v. State*, 571 S.W.2d 920 (Tex. Cr.App.1978), we held that in the face of a motion to quash timely filed the information which alleged that the defendant " 'did then and there unlawfully, intentionally, and knowingly torture an animal, namely, a dog' " was insufficient to give him notice of the specific conduct or acts upon which the State would rely to show the "torture."

Similarly, in *Amaya v. State*, 551 S.W.2d 385 (Tex.Cr.App.1977), in a prosecution for welfare fraud, the information alleged that the defendant " 'did then and there intentionally and knowingly obtain by means of a willfully false statement' " public assistance to which she was not entitled. The defendant had filed an exception to this information, complaining that it did not give her sufficient notice of the precise charge against her by not setting out the specific "willfully false statement" which the defendant is alleged to have made. In reversing the conviction for the trial court's failure to sustain the defendant's exception to the information, we stated:

"[w]e believe that the deficiency complained of in the information before us was subject to the exception filed by the appellant. As appellant contends, and as the record reflects, the appellant was required to make many statements to the Department of Public Welfare; she was entitled, upon proper exception, to know which false statement or statements the State would rely upon for conviction."

In the instant case, appellant was entitled, upon a timely request, to know the specific act or acts which were the basis of her agreement to "engage in conduct that would constitute said offense." We agree that the allegation that "capital murder for remuneration and the promise of remuneration" was to have been committed is not factually sufficient to apprise her of what her role was to have been or her specific involvement in the offense of the murder for remuneration to which she agreed with others to commit.[2]

The judgment is reversed and the cause remanded.

DALLY, Judge, dissenting.

V.T.C.A. Penal Code, Sec. 15.02, unlike Art. 1622, V.A.P.C. (1925), requires an overt act to be committed to constitute the substantive offense of conspiracy. Except for

---

**2.** This is not a case involving a defect of substance which goes to the failure of the indictment to allege an offense, *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr. App.1974), nor is this the case where an attack is made upon the failure of the indictment to set out the *elements* of an underlying felony offense. See *Granviel v. State*, 552 S.W.2d 107 (Tex.Cr.App.1976); *Livingston v. State*, 542 S.W.2d 655 (Tex.Cr.App.1976).

an allegation of the overt act, I see no reason why an indictment for the substantive offense of conspiracy under the new penal code should be different than under the former penal code. Under the former penal code, this Court held that it was unnecessary to allege the means by which the conspiracy was to be accomplished. See *Garza v. State,* 122 Tex.Cr.R. 413, 55 S.W.2d 1042 (1932); *Echols v. State,* 133 Tex.Cr.R. 121, 109 S.W.2d 190 (Tex.Cr.App.1937).

Although the indictment in the instant case is drawn inartfully and is not a model—it alleges more than is necessary—the court did not err in overruling the appellant's motion to quash the indictment. I submit that under V.T.C.A. Penal Code, Sec. 15.02,[1] an indictment is sufficient which alleges in pertinent part that "Judith Lindsay, did then and there with the intent to commit murder for remuneration, agree with Kenneth G. Davis, Jewelle Beard, and Larry Whittaker, that they, or one of them, would shoot Larry Lindsay with a firearm and pursuant to that agreement, Kenneth G. Davis shot Larry Lindsay with a firearm." Such an allegation contains all of the constituent elements of the offense; i. e., (1) a person (2) with intent that a felony be committed (3) agrees with one or more persons (4) that they or one of them engage in conduct that would constitute the offense (5) and an overt act in pursuance of that agreement is performed by one or more of them.

I dissent.

Before the court en banc.

1. Sec. 15.02, V.T.C.A. Penal Code provides:
   "(a) A person commits criminal conspiracy if, with intent that a felony be committed:
   "(1) he agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and
   "(2) he or one or more of them performs an overt act in pursuance of the agreement."

1. V.T.C.A., Penal Code, Section 15.02, provides:
   "(a) A person commits criminal conspiracy if, with intent that a felony be committed:
   "(1) he agrees with one or more persons that they or one or more of them engage in conduct that would constitute the offense; and

## ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge, dissenting.

Appellant was convicted of conspiracy to commit capital murder[1] with the punishment, assessed by the jury, at seven years.

The indictment reads that appellant

"did then and there with intent that a felony, to wit: *capital murder for remuneration and the promise of remuneration,* be committed, the said Judith Lindsay did then and there agree with Kenneth G. Davis, Jewelle Beard and Larry Whittaker that the said Judith Lindsay, Kenneth G. Davis, Jewelle Beard and Larry Whittaker *engage in conduct that would constitute said offense* and the said Kenneth G. Davis, performed an overt act in pursuance of said agreement, to wit: by shooting Larry Lindsay with a firearm. . . ." (Emphasis supplied)

On original submission, the majority reversed the conviction because the indictment failed to put the appellant on notice of the specific acts or conduct which formed the basis of the agreement.

In *Drumm v. State,* 560 S.W.2d 944 (Tex. Cr.App.1978), this Court reversed the conviction because sufficient notice was not set forth in the information. The defendant was convicted of driving while his license was suspended under Article 6687b, Section 24, V.A.C.S., and Article 6687b, Section 34, V.A.C.S. The indictment was held to be insufficient because it did not specify the facts necessary to put the defendant on notice of which of the five *subsections* of Article 6687b, Section 24, supra, formed the basis of the suspension.

> "(2) he or one or more of them performs an overt act in pursuance of the agreement."
> V.T.C.A., Penal Code, Section 19.03, provides:
> "(a) A person commits an offense if he commits murder as defined under Section 19.-02(a)(1) of this code and:
> "* * *
> "(3) the person commits the murder for remuneration or the promise of remuneration or employs another to commit the murder for remuneration or the promise of remuneration."

Similarly, V.T.C.A., Penal Code, Section 19.03, lists five means by which capital murder can be committed. This indictment, however, specified which of the five subsections of Section 19.03 formed the basis of the charge. She was put on sufficient notice that she would have to defend herself against the charge of capital murder for remuneration.

It should not be necessary to specify the details of the intended offense with greater particularity than was done in the instant case. See also the indictment in *Brown v. State,* 576 S.W.2d 36, fn. 1 (Tex.Cr.App. 1979). In *Garza v. State,* 122 Tex.Cr.R. 413, 55 S.W.2d 1042 (Tex.Cr.App.1932), in construing Article 1622, V.A.P.C. (1925), we held that the means by which the conspiracy would be accomplished need not be alleged. In *Nisbet v. State,* 170 Tex.Cr.R. 1, 336 S.W.2d 142 (Tex.Cr.App.1959), we held that the intended offense or object of the conspiracy need not be alleged with the same particularity as an indictment charging the commission of the intended offense.

In *Nisbet,* the defendant was charged with conspiracy to steal money and property from the City of Houston, with conspiracy to steal money and property from unknown persons, with conspiracy to accept a bribe. The indictment was sufficient because the crime of conspiracy is a single and separate offense, the gravamen of which is the agreement to commit a felony. It is a separate offense regardless of the number of intended offenses.

Here, as in *Nisbet,* sufficient facts have been alleged to constitute an agreement to commit a felony. A conviction for conspiracy will be sustained once proof of that agreement and an overt act in furtherance of the agreement have been introduced into evidence. V.T.C.A., Penal Code, Section 15.02. At that point, the offense of conspiracy is complete. *Smith v. State,* 363 S.W.2d 277 (Tex.Cr.App.1963); *Witt v. State,* 146 Tex.Cr.R. 627, 177 S.W.2d 781 (Tex.Cr.App. 1944). The holding of *Carter v. State,* 135 Tex.Cr.R. 457, 116 S.W.2d 371 (Tex.Cr.App. 1937), is applicable. This indictment is sufficient to put Lindsay on proper notice of the offense with which she is charged.

In the present case a conspiracy to commit murder plus the overt act pursuant to the agreement was alleged. The conspiracy to commit murder allegation was sufficient under the former statute, and the addition of the overt act made the indictment sufficient under the present statutes.

Further, a reasonable interpretation of the indictment is that for remuneration Kenneth G. Davis was hired to kill Larry Lindsay and attempted to do so by shooting him with a firearm.

The motion for rehearing should be granted and the judgment of conviction should be affirmed.

DALLY, J., joins in this dissent.