**Travis SMITH aka Davis, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 01–89–00192–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 22, 1989.

John T. Quinn, Orozco, Rule, Locke, & Quinn, P.C., Bryan, for appellant.

Bill Turner, Dist. Atty., Deena J. McConnell, Asst. Dist. Atty., Bryan, for appellee.

Before DUGGAN, MIRABAL and WARREN, JJ.

## OPINION

WARREN, Justice.

This is an appeal from a conviction of engaging in organized criminal activity.

After the trial court overruled his motions to quash the indictment and to require the State to identify an alleged informer, appellant pled nolo contendere to the indictment. The court found appellant guilty, accepted the plea bargain made by the parties, and assessed punishment at 20 years confinement.

In two points of error, appellant claims that the court erred in overruling his motion to quash the indictment and his motion to identify an informer. The indictment, in pertinent part, reads as follows:

[I]n the County of Brazos and State of Texas one TRAVIS SMITH AKA TRAVIS DAVIS hereinafter referred to as the Defendant, heretofore on or about October 12, 1988, did then and there intentionally and knowingly, with the intent to establish and participate in a combination and in the profits of a combination which included among its members: WILLIAM HENRY OSBOURNE, BARRY BLEIKE, TOM GRANT, GREG WILLIAMS, and TRAVIS SMITH also known as TRAVIS DAVIS, conspire to commit theft of automobiles of the value of more than $20,000, and in furtherance thereof, defendant performed an overt act as follows, to wit: on or about October 12, 1988, TRAVIS SMITH aka TRAVIS DAVIS approached, and attempted to open the driver's side door of a black

Honda Prelude located at Allen Honda and BARRY BLEIKE performed an overt act as follows: to-wit: on or about October 12, 1988, BARRY BLEIKE took other members of the combination to Allen Honda where they each approached a car and attempted to open the driver's side door. . . .

Appellant's first point of error claims that the court should have quashed the indictment because it was vague. Specifically, he claims that the indictment should have set forth: his alleged manner of committing theft, the name of the property owner, and the location of the theft. He also argues that use of the words "other members" and "they" lacked that specificity to which he was entitled.

■ Appellant's contention concerning the State's failure to specify which manner of committing theft it was alleging, was not presented to the trial court; therefore, it is waived.

■ It is well settled that a conspiracy to commit a crime and the commission of the substantive crime, which is the object of the conspiracy, are separate and distinct offenses. An indictment charging a conspiracy to commit a felony need not allege the offense intended with the particularity necessary in an indictment charging the commission of the intended offense. *Farrington v. State*, 489 S.W.2d 607, 609 (Tex. Crim.App.1972). An indictment alleging the essential elements of conspiracy, specifying each conspirator involved and the overt acts committed in furtherance of the conspiracy, is adequately specific. *United States v. Willis*, 583 F.2d 203, 207 (5th Cir.1978).

■ It was not necessary for the State to specifically name the owner of the property, because the theft, or attempted theft, is incidental to the crime alleged. Appellant was charged with having conspired with five or more persons to commit theft, and with performing an overt act in furtherance of the combination. The indictment generally tracks the organized crime statutes. Tex.Penal Code Ann. secs. 71.01, 71.02 (Vernon Supp.1989). Generally, an indictment tracking the language of the penal statute in question is sufficient to provide the defendant with notice of the charged offense. *Bollman v. State*, 629 S.W.2d 54, 55 (Tex.Crim.App. [Panel Op.] 1982). We cannot envision how the name of the true owner could have been pertinent to appellant's defense, unless one of the members of the conspiracy was the owner, in which event there would be no theft or conspiracy to commit theft. We hold that the State was not required to allege the true owner of the car or cars that the conspirators agreed to steal.

■ The location of the offense was adequately described in the indictment. Generally, it is only necessary to allege the name of the county and place where the offense was committed, if the offense may be committed anywhere within the county, the place where the crime is committed is not an element of the offense, and the court in which the offense is tried had countywide jurisdiction. *Ex parte Hunter*, 604 S.W.2d 188, 189 (Tex.Crim.App.1980). The words "then and there" in the indictment, sufficiently alleged venue and showed that the offense charged was alleged to have been committed in Brazos County, Texas. *Madkins v. State*, 156 Tex. Crim. 265, 241 S.W.2d 151 (1951). We hold that the indictment alleging that the offense occurred at Allen Honda in Brazos County, Texas, sufficiently described the location of the conspiracy.

■ We also hold that the use of the words "other members" and "they" in the indictment did not cause it to be vague or unintelligible. The indictment will be read as a whole in determining whether it sufficiently charges an offense. *DeVaughn v. State*, 749 S.W.2d 62, 67 (Tex.Crim.App. 1988). Read as a whole, the indictment, which previously named other members of the conspiracy, sufficiently charges the offense of conspiracy.

We overrule appellant's first point of error.

Appellant's second point of error claims that the trial court erred in refusing to

require the State to disclose the name of the informer in the case.

Rule 508 of the Texas Rules of Criminal Evidence provides that the prosecuting entity may claim a privilege not to reveal the name of an informer. However, the rule allows an exception if it is shown that the informer may be able to give testimony necessary to a fair determination of the issues of guilt or innocence of the accused. In our case, the State's prosecutor claimed the privilege, but the appellant presented no evidence on his motion to reveal. As a result, there was nothing for the court to consider.

Appellant seems to urge that once a motion is filed to require the State to identify an informer, it becomes incumbent upon the trial judge to hold a hearing to determine whether there is an informer, and if so, whether the evidence reveals that, under the rule, the informer should be identified. We disagree. The burden is initially on the defendant to show there is an informer who may be able to give testimony necessary to a fair determination of the defendant's guilt or innocence. Only after that showing is the trial judge required to hold an in camera hearing. Tex. R.Crim.Evid. 508(c)(2).

Appellant's second point of error is overruled.

The judgment is affirmed.