Affirmed and Memorandum Opinion filed November 3, 2009. 

In The

 

Fourteenth Court of
Appeals

                                                                                         




NO. 14-08-00723-CR



 

Aldener Widemon Dunning, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 241st District Court

Smith County, Texas

Trial Court Cause No. 241-0126-07



 

MEMORANDUM OPINION

 

Appellant Aldener[1] Widemon Dunning
challenges the denial of her motion to quash an indictment.  After the
trial court denied appellant’s motion, appellant pleaded guilty and the trial
court assessed punishment as confinement for five years.  We affirm.

Background

           
Appellant was indicted for the felony offense of conspiracy to commit capital
murder on January 11, 2007.  Appellant filed a Motion to Quash and
Exception to Substance of Indictment on February 14, 2007.  The trial
court denied appellant’s motion in an order signed on June 11, 2008. 
Appellant pleaded guilty and the trial court assessed punishment as confinement
for five years.  Appellant appeals the trial court’s denial of her motion
to quash.

Analysis

We review the trial court’s denial of a motion to
quash de novo.  Lawrence v. State, 240 S.W.3d 912, 915 (Tex.
Crim. App. 2007), cert. denied, 128 Sp. Ct. 2056 (2008); State v. Moff, 154 S.W.3d 599, 601 (Tex. Crim. App. 2004). A
defendant must be given notice before trial of the “nature and cause” of the
accusation against him.  See U.S. Const.
amend. VI; Tex. Const. art. I, § 19.  The notice must be given with sufficient
clarity and detail to enable the defendant to anticipate the State’s evidence
and prepare a proper defense to it. See U.S. Const. amend. VI; Tex. Const. art.
I, § 19; Garcia v. State, 981 S.W.2d 683, 685
(Tex. Crim. App. 1998). 

An indictment must allege all the facts and
circumstances necessary to establish all material elements of the offense
charged in plain and intelligible language. Garcia,
981 S.W.2d at 685; Bynum v. State, 767 S.W.2d 769, 779 (Tex. Crim. App.
1989).  An indictment must allege on its
face facts necessary to (1) show that an offense was committed, (2) bar a
subsequent prosecution for the same offense, and (3) give defendant notice of
precisely what offense he is charged with committing. Terry
v. State, 471 S.W.2d 848, 852 (Tex. Crim. App. 1971).  An
indictment tracking the statutory language will satisfy constitutional and
statutory requirements; the State need not allege facts that are merely
evidentiary in nature. State v. Mays, 967 S.W.2d 404,
406 (Tex. Crim. App. 1998); Moreno v. State, 721 S.W.2d 295, 300 (Tex.
Crim. App. 1986).

An individual commits criminal conspiracy if, “with
intent that a felony be committed: (1)
he agrees with one or more persons that they or one or more of them engage in
conduct that would constitute the offense; and (2)
he or one or more of them performs an overt act in pursuance of the
agreement.”  Tex. Penal Code Ann. § 15.02(a)
(Vernon 2003).  Conspiracy to commit a crime and the commission of the
substantive crime which is the object of the conspiracy are separate and
distinct offenses.  McCann v. State, 606 S.W.2d
897, 898 (Tex. Crim. App. 1980); Farrington v. State, 489 S.W.2d 607,
609 (Tex. Crim. App. 1972).  An indictment alleging the essential
elements of conspiracy is sufficient.  See United States v. Willis,
583 F.2d 203, 207 (5th Cir. 1978); Smith v. State, 781 S.W.2d 418, 420
(Tex. App.—Houston [1st Dist.] 1989, no pet.).  An indictment charging
conspiracy to commit a crime need not allege the essential elements of the
underlying offense intended to be committed.  See Farrington, 489 S.W.2d at 609; Smith, 781 S.W.2d at 420. 

Appellant challenges the indictment on grounds that
it failed to: (1) properly inform her of the charge against her; (2) bar future
prosecutions for the same offense; and (3) identify the victim.  

In her first and third issues, appellant contends the
indictment failed to provide her with sufficient notice to prepare a proper
defense and failed to allege the name of a victim.  An indictment charging
conspiracy to commit a crime alleging the essential elements of the offense of
conspiracy is sufficient.  See Willis, 583 F.2d
at 207; Smith, 781 S.W.2d at 420.  The essential elements of
the offense of conspiracy are (1) an agreement with one or more persons to
engage in conduct that would constitute an offense; and (2) performance of an
overt act pursuant to the agreement.  Tex. Penal Code
Ann. § 15.02(a).  The indictment alleged as follows:

. . . in the County of Smith and State of Texas, ALDENE
DUNNING did then and there, with the intent that capital murder, a felony, be
committed, agree with Jonathan Toliver and Jesse
Jackson and Jonathan Brown and Kenya Bush that they would engage in conduct
that would constitute said offense, and the said defendant performed an overt
act in pursuance of said agreement, to-wit: that ALDENE DUNNING, communicated
with Jonathan Toliver while Jonathan Toliver was confined in Smith County Jail and bonded Jesse
Jackson out of Smith County Jail and loaned her car to Jonathan Brown and
advised Jonathan Brown to meet with Jesse Jackson; AGAINST THE PEACE AND
DIGNITY OF THE STATE.

The indictment alleges the essential elements of the
offense of conspiracy because it alleges that appellant (1) agreed with
Jonathan Toliver, Jesse Jackson, Jonathan Brown, and
Kenya Bush to engage in conduct that would constitute capital murder; and (2)
performed an overt act in furtherance of this agreement by communicating with
Jonathan Toliver, bonding Jesse Jackson out of jail,
loaning her car to Jonathan Brown, and advising Jonathan Brown to meet with
Jesse Jackson.      

Appellant argues the indictment is insufficient
because it failed to notify her of the method by which capital murder was to be
committed.  The method by which capital murder was to be committed is not
an essential element of the offense of conspiracy.  See Tex. Penal
Code Ann. § 15.02(a).  Appellant also argues the indictment was
insufficient because it failed to allege the name of a victim.  The name
of a victim is not an essential element of the offense of conspiracy.  See
id.  Conspiracy to commit an offense is a separate and distinct
offense from the underlying offense.  See Farrington, 489 S.W.2d at 609; Smith, 781 S.W.2d at 420.  An
indictment charging conspiracy to commit a crime need not allege the essential
elements of the underlying offense intended to be committed.  See
Farrington, 489 S.W.2d at 609; Smith, 781
S.W.2d at 420.  Because the method by which appellant was to commit the
underlying offense of capital murder and the name of the victim of the
underlying offense of capital murder are not essential elements of the offense
of conspiracy, it was not necessary for the indictment to allege this
information.  

Appellant relies on Lindsay v. State, 588
S.W.2d 570 (Tex. Crim. App. 1979), to support her arguments.  In Lindsay,
the defendant was indicted for conspiracy to commit capital murder.  Id. at 571.  The indictment alleged in part that
appellant:

did then and there with intent that a
felony, to wit: Capital murder for remuneration and the promise of
remuneration, be committed the said Judith Lindsay did then and there agree
with Kenneth G. Davis, Jewelle Beard and Larry
Whittaker that the said Judith Lindsay, Kenneth G. Davis, Jewelle
Beard and Larry Whittaker [e]ngage in conduct that
would constitute said offense and the said Kenneth G. Davis, performed an overt
act in pursuance of said agreement, to wit: by shooting Larry Lindsay with a
firearm . . . [.]

Id.  The court
held that the language “[c]apital murder for
remuneration and the promise of remuneration” was not sufficient to provide the
defendant notice of the specific acts defendant made in furtherance of the conspiracy. 
Id. at 572.  The issue addressed in Lindsay
was whether the indictment sufficiently alleged specific acts the defendant
made in furtherance of the agreement.  See id.  In this case,
the indictment alleges four specific acts appellant performed in furtherance of
the alleged conspiracy.  The issue addressed in Lindsay is not
present in this case.    

We overrule appellant’s first and third
issues.       

We need not decide whether the indictment contained
sufficient detail to act as a jeopardy bar to future prosecutions. 
Appellant did not assert this argument in her motion to quash or raise this
argument prior to her trial.  Appellant advances this argument for the
first time on appeal.  A defendant must object to any error in the
indictment before the date on which the trial on the merits commences or it is
waived.  Tex. Code Crim. Proc. Ann. art. 1.14(b)
(Vernon 2005); see Teal v. State, 230 S.W.3d 172, 178 (Tex. Crim. App.
2007).  Because appellant failed to raise her objection to the sufficiency
of the indictment as a jeopardy bar to future prosecutions before trial, she
waived her right to object on these grounds and cannot raise this objection on
appeal.  Tex. Code Crim. Proc. Ann. art. 1.14(b).  Appellant also failed to preserve this
argument for appeal because appellant failed to present the trial court with a
specific objection, motion, or request.  Tex. R. App. P. 33.1(a)(1); Wilson v. State, 71 S.W.3d 346, 349 (Tex. Crim.
App. 2002). 

           
We overrule appellant’s second issue.

Conclusion

We affirm the trial court’s judgment.

 

                                                                       
            /s/       
William J. Boyce

                                                                                                Justice

 

Panel consists of Chief Justice
Hedges, Justices Anderson and Boyce.

Do Not Publish — Tex. R. App. P. 47.2(b).














[1]
Appellant is named as “Aldene” Dunning in the
indictment and some court documents, and as “Aldener”
Dunning in other court documents.  Because she is refered
to as “Aldener” in the trial court’s judgment and her
notice of appeal, we will refer to her as “Aldener”
in this opinion.