

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-18-00115-CR, 04-18-00116-CR & 04-18-00117-CR

Leonard Earl **WHITE-WILLIAMS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2017CR3194C, 2017CR3193C, 2017CR3195C
Honorable Kevin M. O'Connell, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Rebeca C. Martinez, Justice
                 Irene Rios, Justice

Delivered and Filed: January 2, 2019

AFFIRMED

In three separate cause numbers, Appellant Leonard Earl White-Williams ("White-Williams") was indicted for possession with intent to deliver and possession of methamphetamine, cocaine, and heroin with a deadly weapon enhancement. After the trial court denied his motions to suppress and to disclose the identity of a confidential informant, White-Williams pleaded nolo contendere to the charges in all three cases. On appeal, White-Williams argues the trial court erred in denying his motions. We affirm the judgments.

**Background**

On January 20, 2017, San Antonio Police Detective Phillip Kory executed an affidavit for a search warrant stating that on January 17, 2017, Detective Kory received information "from a credible and reliable person who has on previous occasions given [Detective Kory] information regarding the trafficking and possession of controlled substances which has proven to be true and correct but whose identity cannot be revealed for security reasons." The confidential informant stated that within the previous forty-eight hours, the informant saw "a controlled substance, to wit methamphetamine, in the possession of" Larry McGarity and three individuals nicknamed "Flex," "Lucky," and "Dred" at an apartment located at "1010 N. Frio St. #616" in San Antonio. The affidavit gives physical descriptions of "Flex," "Lucky," and "Dred" provided by the confidential informant, and states: "The source also stated that an older black male was the renter of the apartment, but he was being supplied narcotics to allow the sellers access to his residence. The source identified the older black male as approximately 60 years old, which we believe to be Larry Mc Garity [sic]." The search warrant affidavit also states: "Surveillance was conducted on 01/18/2017 at the location. During a 30 minute period I [Detective Kory] saw several individuals go to the location, only staying for a short period of time and looking around suspiciously. In my training and experience this is activity that is consistent with narcotics transactions."

The trial court signed a warrant for the search of the subject property. Police conducted a search on January 20, 2017 and arrested White-Williams at the premises. After White-Williams was indicted for possession with intent to deliver and possession of methamphetamine, cocaine, and heroin with a deadly weapon enhancement, he filed pretrial motions to suppress evidence and to reveal the identity of the confidential informant. The trial court heard and denied both motions.

**Motion to Suppress**

In his first, third, and fourth issues, White-Williams argues the trial court erred in denying his motion to suppress evidence.

**A.     Standard of review**

We review a trial court's denial of a motion to suppress using the bifurcated standard set forth in *Furr v. State*, 499 S.W.3d 872 (Tex. Crim. App. 2016). Where, as here, the trial court does not make express findings of fact, we review the evidence in the light most favorable to the trial court's ruling and assume the trial court made implicit findings supported by the record. *Id.* at 877. We will sustain the trial court's ruling if it is correct under any applicable theory of law. *Id.*

**B.     White-Williams's affidavit**

In his first issue, White-Williams argues the trial court erred in not considering his affidavit in support of the motion to suppress. The State responds that White-Williams failed to preserve this issue because the record does not demonstrate that White-Williams ever presented his affidavit to the trial court or that the trial court refused to consider it. There is no affidavit attached to the motion to suppress, and White-Williams did not ask the trial court to consider his affidavit during the hearing on the motion to suppress.[1] Accordingly, White-Williams failed to preserve his first issue for appellate review. *See Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement on appeal."). White-Williams's first issue is overruled.

**C.     Search warrant affidavit**

In his third issue, White-Williams argues the trial court erred in ruling the search warrant affidavit "met constitutional standards." The State responds that White-Williams's third issue is

---

[1] White-Williams also argues the trial court refused to hold a hearing on his motion to suppress. The record on appeal, however, contains the reporter's record of a hearing on the motion to suppress held on November 9, 2017.

inadequately briefed because it does not contain any supporting authority or analysis. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."). It appears White-Williams is arguing there was no probable cause to support the search warrant affidavit because it was based on information obtained from a confidential informant. Because we can discern the basis of White-Williams's issue, we will consider it on the merits.

Generally, probable cause to issue a search warrant exists where the affidavit in support, viewed in a "commonsensical and realistic manner," demonstrates that "under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found at the specified location." *State v. McLain*, 337 S.W.3d 268, 271, 272 (Tex. Crim. App. 2011). When a search warrant affidavit is supported by information from a confidential informant, the informant's credibility may be established by the affiant's statement that the informant has provided true and correct information in the past. *Dixon v. State*, 206 S.W.3d 613, 616–17 (Tex. Crim. App. 2006); *Bishop v. State*, Nos. 04-17-00436-CR & 04-17-00437-CR, 2018 WL 2121004, at *3 (Tex. App.—San Antonio May 9, 2018, no pet.) (mem. op.).

Here, the affiant—Detective Kory—stated he received information "from a credible and reliable person who has on previous occasions given [Detective Kory] information regarding the trafficking and possession of controlled substances which has proven to be true and correct." Therefore, because the search warrant affidavit establishes the credibility of the confidential informant's information, the trial court had a substantial basis for crediting the confidential informant's statements to Detective Kory. *See Bishop*, 2018 WL 2121004, at *3 (holding credibility established where affiant detective stated informant was "credible," "reliable," and had "given the [detective] information in the past which has proven to be true and correct"). White-Williams's third issue is overruled.

**D.      Confrontation Clause**

In his fourth issue, White-Williams argues "the trial court violated [White-Williams's] right to confront and cross-examine the complainant witnesses, Detective P. Kory, Badge 2169, in violation of the *Sixth* and *Fourteenth* Amendments to the United States Constitution when it refused to examine him as to the veracity of his affidavits [sic] in support of the search warrant" (emphases in original). The State responds that White-Williams failed to preserve this issue, and, in any event, the Confrontation Clause is inapplicable to a motion to suppress. We need not determine whether the Confrontation Clause is applicable here because we agree White-Williams failed to preserve this issue.

The United States and Texas Constitutions guarantee a defendant the right to confront the witnesses against him. U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; *Acevedo v. State*, 255 S.W.3d 162, 172 (Tex. App.—San Antonio 2008, pet. ref'd). To preserve a Confrontation Clause issue for appeal, the defendant must make a specific objection based on the Confrontation Clause in the trial court. *Acevedo*, 255 S.W.3d at 173 (citing *Holland v. State*, 802 S.W.2d 696, 700 (Tex. Crim. App. 1991)).

Here, White-Williams's motion to suppress did not raise a Confrontation Clause objection. During the hearing on the pretrial motions, White-Williams only raised a Confrontation Clause argument in relation to his motion to reveal the identity of the confidential informant, arguing the Confrontation Clause requires that he be permitted to cross-examine the informant, not Detective Kory. In a post-hearing motion for reconsideration, White-Williams again raised a Confrontation Clause argument related to the confidential informant: "[T]he [trial court] erred when it denied [White-Williams's] Motion to conduct an *in camera* review of the record and interview the informant." Therefore, because White-Williams did not raise a specific Confrontation Clause

objection regarding Detective Kory, he failed to preserve this issue. White-Williams's fourth issue is overruled.

**Motion to Disclose Identity of Confidential Informant**

In his second, fifth, and sixth issues, White-Williams argues the trial court erred in denying his motion to disclose the identity of the confidential informant.

**A.    Standard of review**

We review the trial court's denial of a motion to disclose the identity of a confidential informant for abuse of discretion. *Leal v. State*, No. 04-15-00058-CR, 2016 WL 3342242, at *1 (Tex. App.—San Antonio June 15, 2016, no pet.) (mem. op.) (citing *Portillo v. State*, 117 S.W.3d 924, 928 (Tex. App.—Houston [14th Dist.] 2003, no pet.)). We will only reverse if the trial court's decision was so clearly wrong as to be outside the zone of reasonable disagreement. *Id.*

**B.    Rules regarding confidential informants**

Under federal and Texas law, the government generally has a privilege not to disclose the identities of its confidential informants. *Bodin v. State*, 807 S.W.2d 313, 316 (Tex. Crim. App. 1991) (en banc) (citing *Scher v. United States*, 305 U.S. 251 (1938)); TEX. R. EVID. 508. In Texas, an exception to the general rule permits disclosure if the trial court "finds a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence." TEX. R. EVID. 508(c)(2)(A). The defendant bears the initial burden to demonstrate an informant's identity is necessary. *Bodin*, 807 S.W.2d at 318; *Boyd v. State*, No. 04-17-00193-CR, 2018 WL 3129463, at *7 (Tex. App.—San Antonio June 27, 2018, no pet.) (mem. op.). To satisfy this burden, the defendant must show the informant's testimony would significantly aid his defense; mere conjecture or speculation is insufficient. *Bodin*, 807 S.W.2d at 318; *Boyd*, 2018 WL 3129463, at *7. "The mere *filing* of a Rule 508 motion is insufficient to obtain a hearing, much less compel

disclosure." *Bodin*, 807 S.W.2d at 318 (emphasis in original) (citing *Smith v. State*, 781 S.W.2d 418 (Tex. App.—Houston [14th Dist.] 1989, no pet.)).

**C.      Analysis**

In his second issue, White-Williams argues the trial court "erred in ruling that [White-Williams] was not entitled to the disclosure of the informant who would have testified that [White-Williams's] reputation for truth and veracity" [sic]. In his fifth issue, White-Williams appears to argue the trial court misapplied Rule 508 and disregarded White-Williams's rights under *Brady v. Maryland*, 373 U.S. 83 (1963).

During the hearing on the motion, White-Williams's trial counsel argued the confidential informant "would have indicated that this young man, [White-Williams], didn't have anything to do with selling drugs." White-Williams's argument, however, amounts to nothing more than supposition and conjecture unsupported by any evidence. *See Morin v. State*, No. 04-09-00424-CR, 2010 WL 3582382, at *3 (Tex. App.—San Antonio Sept. 15, 2010, no pet.) (mem. op.) (holding argument that informant may possess names of other persons who might confirm his defensive theory is nothing more than mere conjecture or supposition); *Patterson v. State*, 138 S.W.3d 643, 649 (Tex. App.—Dallas 2004, no pet.) (holding argument that informant could have identified other occupants who "could have been responsible for the contraband" is nothing more than mere conjecture or supposition). White-Williams does not identify any evidence in the record showing the informant can give testimony that would significantly aid the jury in determining guilt or innocence.

Further, White-Williams has not met his burden to establish the identity of the confidential informant is *Brady* material. To invoke *Brady*, a defendant must demonstrate: (1) the State suppressed or withheld evidence (2) that was favorable to the defendant and (3) material to the defendant's defense. *Lempar v. State*, 191 S.W.3d 230, 240 (Tex. App.—San Antonio 2005, pet.

ref'd) (citing *Hampton v. State*, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002)). Here, White-Williams has not identified any evidence demonstrating that the identity of the confidential informant is evidence favorable to him or material to his defense. Accordingly, White-Williams's second and fifth issues are overruled.

In his sixth issue, White-Williams argues the trial court erred in refusing to conduct an *in camera* interview of the confidential informant. If a defendant meets his initial burden to make a plausible showing that the informant's testimony would significantly aid the jury in determining guilt or innocence, then the trial court is required to permit the State to show, *in camera*, facts relevant to whether the confidential informant can supply the allegedly necessary testimony. TEX. R. EVID. 508(c)(2)(C); *Boyd*, 2018 WL 3129463, at *7. Here, because White-Williams did not meet his initial burden, the trial court had no obligation to conduct an *in camera* interview. White-Williams's sixth issue is overruled.

### Conclusion

Because we overrule each of White-Williams's issues on appeal, we affirm the trial court's judgments.

Sandee Bryan Marion, Chief Justice

DO NOT PUBLISH