Joe MORON and Frank
Moron, Appellants,

v.

The STATE of Texas, Appellee.

Nos. 624–82, 625–82.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 6, 1985.

W.W. Kilgore, Victoria, Roy E. Greenwood, Austin, for appellants on appeal only.

Thomas L. Bridges, Dist. Atty., Sinton, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANTS' PETITIONS FOR DISCRETIONARY REVIEW

TEAGUE, Judge.

Joe Moron and Frank Moron, son and father and the appellants, were charged in a two count indictment that on two different occasions they committed the offense of felony theft of over $200 but less than $10,000 from Ernest Hurst. See V.T.C.A., Penal Code, Section 31.03. The record reflects that Mr. Hurst was the sole stock-

holder of Hurst Lumber Company, located in Beeville. We will hereinafter refer to Hurst Lumber Company as Hurst.

The appellants were tried jointly before a jury and found guilty by the jury on the first count of the indictment of the lesser included offense of misdemeanor theft.[1] Joe's punishment was assessed by the trial judge at confinement in the county jail for one year and a $1,500 fine, with "said sentence to be probated over a period of one (1) years [sic]." Frank's punishment was also assessed by the trial judge at confinement in the county jail for one year, but the trial judge only assessed a $500 fine, with "said sentence to be probated over a period of one (1) years [sic]."

The Corpus Christi Court of Appeals affirmed both convictions, rejecting the appellants' contention that the evidence was insufficient to corroborate the testimony of the State's accomplice witnesses. *Moron v. State*, (Tex.App.—Corpus Christi, No. 13–81–174–CR, April 29, 1982).

We granted the appellants' petitions for discretionary review in order to make the determination whether the court of appeals correctly held that the evidence was sufficient to corroborate the testimony of the State's accomplice witnesses. We will affirm that court's judgment as to the appellant Frank Moron, but will reverse its judgment as to the appellant Joe Moron.

The facts of this cause reflect that the appellant Joe Moron had a construction business. He was also a full time teacher at the time in question. His father, the appellant Frank Moron, worked for Joe. Joe purchased a lot of the supplies that he needed in his construction business from Hurst. The undisputed and non-accomplice witness testimony that was adduced does not reflect or indicate that Joe directly had anything to do with the unlawful appropriation of the sacks of cement from Hurst.

Mr. Hurst testified that after the company's 1978 inventory was completed, the company's books reflected shortages of materials that could not be accounted for. Later, several of Mr. Hurst's employees were found guilty of stealing supplies from Hurst. After the shortages were discovered, the matter was turned over to the Bee County Sheriff's Department for investigation. A surveillance team, composed of Deputies Eddie Hons and David Chestnut, began operations at the lumber yard. Chestnut took photographs of what purportedly occurred on the day in question at Hurst. The court of appeals held that "The surveillance photographs corroborate Garcia's [an accomplice witness] testimony concerning the Moron's involvement in the theft." Under the facts of this case, we cannot agree with the conclusion reached by the court of appeals.

Art. 38.14, V.A.C.C.P., provides: "A conviction cannot be had upon the testimony of an accomplice [witness] unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the of-

---

1. In pertinent part, the first count of each indictment alleges that the respective appellant did "on or about the 1st day of February, A.D. 1979, ... then and there unlawfully, intentionally and knowingly appropriate property, to-wit, forty-eight sacks of masonry cement, weighing one hundred (100) pounds each, and four (4) pieces of wood molding, each fifteen (15) feet long, of the value of more than $200.00 but less than $10,000.00 without the effective consent of the owner, Ernest Hurst, and with intent to deprive the said owner of said property ..." This alleged a V.T.C.A., Penal Code, Section 31.-03(a)(b)(1) offense. The figure of 48 was apparently arrived at in this fashion: 40 sacks of cement were ordered from Hurst. Joe's father Frank went to Hurst to pick up the 40 sacks of cement. Although the invoice for that purchase reflects that Frank took 10 sacks with him, with 30 sacks to be delivered later, Frank actually took 48 sacks with him, with 30 sacks delivered later. Notwithstanding that the appellants are accused of stealing the 48 sacks that Frank took with him, but because there was a legitimate order for 40 sacks, the appellants should have been accused of stealing only 38 sacks of cement and not 48 as alleged in the indictment. However, but because the appellants were convicted of misdemeanor theft, we find that the discrepancy becomes harmless. Because it was not alleged that the appellants appropriated property knowing that it had been stolen by another, we are unable to use the statutory provision that knowledge or intent may be established by the uncorroborated testimony of accomplice witnesses. See V.T.C.A., Penal Code, Section 31.03(c)(2).

fense." In applying this statute to cases where a challenge to the sufficiency of the evidence to corroborate the accomplice witness' testimony occurs, this Court long ago adopted the following test: "The test as to the sufficiency of the corroboration is to eliminate from consideration the evidence of the accomplice witness and then to examine the evidence of other witnesses with the view to ascertain if there be inculpatory evidence, that is evidence of incriminating character which tends to connect the defendant with the commission of the offense." See, for example, *Cruz v. State*, 690 S.W.2d 246 (Tex.Cr.App.1985); *Brown v. State*, 672 S.W.2d 487 (Tex.Cr.App.1984); *Hardesty v. State*, 656 S.W.2d 73 (Tex.Cr. App.1983); *Hernandez v. State*, 578 S.W.2d 731 (Tex.Cr.App.1979); *Edwards v. State*, 427 S.W.2d 629 (Tex.Cr.App.1968); *Chapman v. State*, 470 S.W.2d 656 (Tex. Cr.App.1971); *Gary v. State*, 379 S.W.2d 661 (Tex.Cr.App.1964).

The accomplice witness rule prevents the State from basing a prosecution or obtaining a conviction solely upon the word of a confederate of the accused. There must be other independent evidence or the accused may not be convicted.

■ An accomplice witness is a person who has been a participant in the alleged crime either before, during, or after its commission, and must be subject to prosecution for the offense committed. *Villarreal v. State*, 576 S.W.2d 51 (Tex.Cr.App. 1978). In order to sustain a conviction on the basis of accomplice witness testimony, it is incumbent upon the State to corroborate that witness' testimony by other evidence tending to connect the accused with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense. It is not necessary, however, that the corroboration directly link the accused to the crime or be sufficient in itself to establish guilt; the corroboration need only tend to connect the accused to the crime committed. *O'Donald v. State*, 492 S.W.2d 584 (Tex.Cr.App. 1973). As noted, however, merely proving the commission of the offense is insufficient for corroboration purposes. *Rice v.

State*, 587 S.W.2d 689 (Tex.Cr.App.1979); *Jackson v. State*, 516 S.W.2d 167 (Tex.Cr. App.1974). Furthermore, the testimony of one accomplice witness may not be used to corroborate that of another accomplice witness. *Caraway v. State*, 550 S.W.2d 699 (Tex.Cr.App.1977).

Thus, because the testimony of the accomplice witnesses who testified for the State in this cause is insufficient, standing alone, to sustain the convictions of the appellants, in considering their testimony, we must review it with caution, no matter how complete the case may appear to have been against the appellants with such testimony.

■ We find that as to the appellant Frank Moron we need not even consider the accomplice witnesses' testimony in deciding his challenge to the sufficiency of the evidence.

The facts reflect that on the day in question Frank, on behalf of Joe's construction company, went to Hurst to pick up, among things, 40 sacks of cement. Frank was to take with him 10 sacks, with 30 sacks to be delivered later that day by one of Hurst's employees. In fact, however, Frank not only observed the loading of the ordered 10 sacks of cement onto his pickup truck, but also watched an employee of Hurst load an additional 38 sacks of cement into the back of his pickup truck. Frank signed the invoice for the cement, but the invoice clearly states that Frank only "Took 10 Bags With Him." In addition to acknowledging in writing the fact that he was to take with him only 10 bags of cement, each of which the evidence showed weighed at least 70 pounds, we believe that Frank, who was shown to have sufficient eyesight to drive a motor vehicle, would or should have easily seen the difference between 10 bags of cement and 48 bags of cement; especially is this so when one considers the fact that each bag of cement weighed at least 70 pounds. We find that any rational trier of fact could have drawn from the facts the inferences of both knowledge and intent on Frank's part that he knowingly took 38 more bags of cement, each weighing 70 pounds, than he should have from Hurst and that he, either acting individually or

jointly, intended to unlawfully deprive Hurst of those bags of cement. The photographs taken by Chestnut confirm that Frank took the excessive number of bags of cement. We find and hold, without even considering the accomplice witnesses' testimony, that as to Frank the evidence is more than sufficient to sustain the verdict of the jury and that any rational trier of fact could have found that when Frank saw or should have seen that he was receiving 38 more bags of cement than he was supposed to, he had knowledge of that fact, and, when he drove the loaded pickup truck off Hurst's premises, knowing that he had the extra 38 bags of cement, he had the intent to unlawfully appropriate the 38 bags of cement. Cf. *Fulcher v. State*, 32 Tex.Cr.R. 621, 25 S.W. 625 (Tex.Cr.App. 1894) (a bank teller, by mistake, paid the defendant $500 more than his check called for, held, this constituted the offense of theft if, at the time the defendant received the $500, he formed the criminal design to appropriate the money to his own use, and did so appropriate it.) The court of appeals correctly held that the evidence was sufficient as to Frank.

■ We next make the determination whether the evidence is sufficient to sustain Joe's conviction.

After discounting the accomplice witnesses' testimony, the record reflects that there is not a scintilla of evidence that might reflect or indicate that Joe was directly involved in or connected with the theft of the 38 bags of cement that were unlawfully removed from Hurst's premises. Joe's own testimony, that when the theft occurred, he was teaching school, is undisputed.

■ The court of appeals held that because one of Joe's trucks was used in the theft and that a photograph of the truck loaded with the excessive bags of cement was taken by the surveillance team this was sufficient to corroborate the accomplice witness Garcia's testimony. We cannot agree with the court of appeals. The mere fact that the evidence showed that one of Joe's trucks was used by Frank to

commit the actual theft does not establish knowledge on the part of Joe that a theft was going to occur or had occurred or that he had some complicity in the theft. Although it may be true that the 38 bags of cement that were unlawfully removed from Hurst eventually ended up at a construction site manned by Joe's company, it is also true that discounting the accomplice witnesses' testimony there is no evidence left in the record to reflect that Joe ever saw, possessed, or personally received or used the 38 bags of cement, or, if it can be argued that he did see, possess, and personally received and used the 38 bags of cement, that this should have put him on notice that they had been stolen from Hurst.

Let us now turn to the accomplice witnesses' testimony to see if their testimony is corroborated by other evidence tending to connect Joe with the offense committed. Art. 38.14, supra.

We first pause to point out that we agree with the court of appeals that the witness Juan Valdez, Joe's ex-brother-in-law, was not an accomplice witness. The court of appeals correctly held: "The most that all of [his] testimony shows is that [he] was involved with defendants in the commission of some thefts *other than the one alleged in the indictment.*" [Emphasis added.]

There is no question that, unknown to Mr. Hurst, his lumberyard was full of employees who were stealing from him in a blatant and flagrant manner. Two of the thieves were Eddie Fulgum and Alex Garcia, who had been longtime trusted employees. Garcia testified that he often allowed Joe to take bags of cement from Hurst. Joe would pay Garcia, but not Hurst, for the cement. Garcia testified that on the day in question Joe called him and asked him if he would steal some cement for him, Joe. The above evidence that relates to Frank shows the carrying out of the theft. Garcia testified that later that evening Joe paid him $100 for the extra bags of cement.

After reviewing Fulgum's testimony, we find that for corroboration purposes it does not add anything to Garcia's testimony.

Under Art. 38.14, supra, the corroboration of an accomplice witness cannot be sustained if it merely shows the commission of the offense. *Rice v. State*, supra; *Odom v. State*, 438 S.W.2d 912 (Tex.Cr. App.1969); *Edwards v. State*, supra; *Anders v. State*, 501 S.W.2d 665 (Tex.Cr.App. 1973); *Jackson v. State*, supra. Furthermore, the mere presence of Joe in the company of one or more of the accomplice witnesses shortly before or after the time the theft was committed is not, in itself, sufficient corroboration of the testimony of the accomplice witnesses. *Rice v. State*, supra. In this instance, Joe was not identified as being present at or near the scene of the offense, when the offense was committed. No non-accomplice testimony indicates possession of or control over by Joe of the 38 bags of cement that were unlawfully taken from Hurst. No flight to avoid apprehension or prosecution is shown. The fact that one of Joe's trucks was used in the commission of the theft, or the fact that Joe might have in the past driven the truck, is not a suspicious circumstance. Outside of the testimony from the accomplice witnesses, there is not any evidence or testimony that Joe acted as a party to the commission of the theft.

We hold that on the record before us the State failed to present sufficient, non-accomplice testimony of an incriminatory nature that might tend to connect Joe with the offense charged and thereby corroborate the accomplice witnesses. Joe is entitled to an acquittal.

Under *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), also see *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), a determination by this Court that the evidence, as a matter of law, is insufficient to sustain the trier of fact's verdict bars any retrial of Joe for the same offense.

The judgment of the court of appeals as to Joe will be reversed and the cause remanded to the trial court so that the judgment of conviction may be reformed to show an acquittal as to Joe. The judgment of the court of appeals as to Frank will be affirmed.

ONION, P.J., dissents to reversal.

CLINTON and MILLER, JJ., dissent.

CAMPBELL, J., not participating.