TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00454-CR







Wayne Williford, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT


NO. B-94-738-S, HONORABLE JOHN E. SUTTON, JUDGE PRESIDING







A jury found appellant guilty of burglary of a habitation and assessed punishment at
imprisonment for twenty years. Tex. Penal Code Ann. § 30.02 (West 1994 & Supp. 1997). Appellant
complains of charge error and challenges the sufficiency of the evidence. We will affirm.

The San Angelo residence of Douglas and Elizabeth Bruton was burglarized in October
1994 and numerous items of property were stolen. Jerry Eckert testified that he and appellant committed
the burglary using a pickup truck they borrowed from Gannon Garland. Eckert said that Garland was not
told that his truck was going to be used in a crime. The stolen property was first taken to Eckert's house,
then moved to Garland's. Eckert testified that neither his wife, Shannon Eckert, nor Garland knew about
the burglary in advance.

Shannon Eckert testified that she saw her husband and appellant in her house with the
stolen property. Her husband told her that the property was stolen. She testified that she did not know
of the planned burglary. Garland also testified for the State. He confirmed that he loaned his pickup to
appellant and Jerry Eckert and later allowed them to store stolen property in his house, but denied knowing
about the planned burglary in advance.

The district court instructed the jury on the meaning of "accomplice," told the jury that Jerry
Eckert was an accomplice as a matter of law, and admonished the jury not to consider Eckert's testimony
unless it was corroborated by other evidence in the case. See Tex. Code Crim. Proc. Ann. art. 38.14
(West 1979). Appellant does not complain of this portion of the charge. The court further instructed the
jury that if it believed that either Shannon Eckert or Garland was an accomplice to the charged offense, it
was not to consider that witness's testimony in determining whether Jerry Eckert's testimony was
adequately corroborated. See Moron v. State, 779 S.W.2d 399, 401 (Tex. Crim. App. 1985) (testimony
of one accomplice cannot be used to corroborate testimony of another accomplice). Appellant contends
the court should have instructed the jury that both Shannon Eckert and Garland were accomplices as a
matter of law whose testimony could not be used to corroborate Jerry Eckert's testimony. Appellant did
not voice this objection in the district court, and therefore must demonstrate that the alleged error was so
egregiously harmful as to deny him a fair and impartial trial. Saunders v. State, 817 S.W.2d 688, 689-90
(Tex. Crim. App. 1991); see Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (opinion
on rehearing).

In his brief, appellant asserts that it is difficult to believe that Shannon Eckert and Garland
did not know about the crime ahead of time. He also asserts that the State could have easily obtained an
indictment for burglary against both witnesses. Even if these statements were true, neither constitutes the
test for determining whether a witness is an accomplice witness. An accomplice is a person who
participated in the charged offense before, during, or after its commission. Kunkle v. State, 771 S.W.2d
435, 439 (Tex. Crim. App. 1986). A witness is not an accomplice witness merely because he or she knew
of the offense and did not disclose it, or even concealed it. Id. There is no evidence in the record that
either Shannon Eckert or Garland participated in the Bruton burglary. Although the evidence shows that
both witnesses learned of the offense after the fact and did not report their knowledge to the police, this
did not make them accomplices.

If there is a doubt whether a witness is an accomplice, the trial court may submit the
question to the jury as a question of fact. Id. This is, in effect, what the district court did in this cause with
respect to Shannon Eckert and Garland. On this record, the court's instruction was more than sufficient
to protect appellant's rights. Finding no error in the charge, much less egregious error, we overrule point
of error one.

Appellant's second point of error is conditioned on the first. He argues that because
Shannon Eckert and Garland were accomplice witnesses, their testimony cannot be used to corroborate
Jerry Eckert's testimony and that, without this corroboration, Eckert's testimony cannot be considered. 
Appellant concludes that, absent Eckert's testimony, the evidence is insufficient to sustain the conviction. 
We have rejected the premise on which this point is based. Shannon Eckert and Garland were not
accomplice witnesses as a matter of law and their testimony may be considered in corroboration of Jerry
Eckert's testimony. Carrillo v. State, 591 S.W.2d 876, 883 (Tex. Crim. App. 1979). Viewing all the
evidence in the light most favorable to the verdict, any rational trier of fact could have found appellant guilty
of the burglary. See Jackson v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155 (Tex.
Crim. App. 1981) (standard of review). Point of error two is overruled.

The judgment of conviction is affirmed.



 

 Mack Kidd, Justice

Before Chief Justice Carroll, Justices Jones and Kidd

Affirmed

Filed: October 9, 1997

Do Not Publish



 The stolen property was first taken to Eckert's house,
then moved to Garland's. Eckert testified that neither his wife, Shannon Eckert, nor Garland knew about
the burglary in advance.

Shannon Eckert testified that she saw her husband and appellant in her house with the
stolen property. Her husband told her that the property was stolen. She testified that she did not know
of the planned burglary. Garland also testified for the State. He confirmed that he loaned his pickup to
appellant and Jerry Eckert and later allowed them to store stolen property in his house, but denied knowing
about the planned burglary in advance.

The district court instructed the jury on the meaning of "accomplice," told the jury that Jerry
Eckert was an accomplice as a matter of law, and admonished the jury not to consider Eckert's testimony
unless it was corroborated by other evidence in the case. See Tex. Code Crim. Proc. Ann. art. 38.14
(West 1979). Appellant does not complain of this portion of the charge. The court further instructed the
jury that if it believed that either Shannon Eckert or Garland was an accomplice to the charged offense, it
was not to consider that witness's testimony in determining whether Jerry Eckert's testimony was
adequately corroborated. See Moron v. State, 779 S.W.2d 399, 401 (Tex. Crim. App. 1985) (testimony
of one accomplice cannot be used to corroborate testimony of another accomplice). Appellant contends
the court should have instructed the jury that both Shannon Eckert and Garland were accomplices as a
matter of law whose testimony could not be used to corroborate Jerry Eckert's testimony. Appellant did
not voice this objection in the district court, and therefore must demonstrate that the alleged error was so
egregiously harmful as to deny him a fair and impartial trial. Saunders v. State, 817 S.W.2d 688, 689-90
(Tex. Crim. App. 1991); see Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (opinion
on rehearing).

In his brief, appellant asserts that it is difficult to believe that Shannon Eckert and Garland
did not know about the crime ahead of time. He also asserts that the State could have easily obtained an
indictment for burglary against both witnesses. Even if these statements were true, neither constitutes the
test for determining whether a witness is an accomplice witness. An accomplice is a person who
participated in the charged offense before, during, or after its commission. Kunkle v. State, 771 S.W.2d
435, 439 (Tex. Crim. App. 1986). A witness is not an accomplice witness merely because he or she knew
of the offense and did not disclose it, or even concealed it. Id. There is no evidence in the record that
either Shannon Eckert or Garland participated in the Bruton burglary. Although the evidence shows that
both witnesses learned of the offense after the fact and did not report their knowledge to the police, thi