James William LANE, Appellant,

v.

The STATE of Texas, State.

No. 2–96–064–CR.

Court of Appeals of Texas, Fort Worth.

April 15, 1999.

Rehearing Overruled June 11, 1999.

Allan K. Butcher and Allen K. Butcher, Jr. of Fort Worth, Texas, for appellant.

Tim Curry, Criminal District Attorney, Charles Mallin, David M. Curl, Greg Miller, and Martin Purselley, Assistant District Attorneys of Fort Worth, Texas, for appellee.

Panel C: CHUCK MILLER, J. (Sitting by Assignment); LIVINGSTON and DAUPHINOT, JJ.

### OPINION ON REMAND

PER CURIAM.

Appellant James William Lane was convicted of the offense of aggravated robbery of an elderly person, and he appealed. On original submission to this court we affirmed his conviction in *Lane v. State,* 942 S.W.2d 208 (Tex.App.—Fort Worth 1997). Lane then petitioned the court of criminal appeals for discretionary review. That court granted review and, in a consolidated opinion, reversed our decision and remanded the case for further proceedings consistent with its opinion. *See Blake v. State,* 971 S.W.2d 451, 461 (Tex.Crim.App.1998). On reconsideration after remand, we again affirm.

The issue before us on remand is whether the trial court erred in refusing Lane's request to instruct the jury that a particular witness, Patricia R., was an accomplice as a matter of fact.[1] As set out in our original opinion, the State's evidence revealed that on October 27, 1993, Patricia and Kris Shank, who lived together, went to Lane's house. Lane quickly recruited Patricia, Shank and Anna Eason to rob 71-year-old Hillard Doss. After about fifteen minutes of planning, Lane drove Shank and Eason to the scene of the robbery. Patricia was a passenger in Lane's truck at the time. Lane and Patricia waited in the truck while Shank and Eason went to commit the crime. At first the pair returned to the truck without having carried out the plan, but after encouragement from Lane, they went back to Doss's home, again gained entrance, committed the robbery, and returned to Lane's truck for their get-a-way.

At trial, both Patricia and Eason testified against Lane. Shank's testimony from a prior writ hearing was also introduced against Lane .[2] The jury was instructed that Shank and Eason were accomplices as a matter of law. Therefore, the only testimony linking Lane to the crime, except Patricia's, came from accomplices. Be-

---

1. On remand, Lane also asserts in his first point that the trial court erred in refusing Lane's request to instruct the jury that the witness in question was an accomplice as a matter of law. This point was not raised in Lane's original appeal in the court of criminal appeals opinion remanding the case to us for further proceedings consistent with that opin-

ion. We therefore are not at liberty to address this new point. *See Monreal v. State,* 947 S.W.2d 559, 563 n. 5 (Tex.Crim.App. 1997).

2. Shank committed suicide in jail prior to Lane's trial.

cause a conviction cannot be had on uncorroborated accomplice testimony, and the only evidence corroborating Lane and Shank's testimony came from Patricia, the issue of whether she is an accomplice is crucial to the case. *See* Tex.Code.Crim. Proc.Ann. art. 38.14 (Vernon 1979).[3] Were the jury to have found that Patricia was an accomplice, there would be no corroborating evidence upon which a conviction in this case could be upheld against a sufficiency challenge. *See Moron v. State*, 779 S.W.2d 399, 401 (Tex.Crim.App.1985).

The court of criminal appeals set out the general requirements for a finding that a witness is an accomplice witness:

A person who is merely present at the scene of the offense is not an accomplice; an affirmative act or omission is required. An accomplice participates before, during, or after the commission of the crime—presence at the scene of the offense is not required—though one is not an accomplice for knowing about a crime and failing to disclose it, or even concealing it.

We have also repeatedly stated that a person is an accomplice if he or she could be prosecuted for the same offense as the defendant, or a lesser included offense

*See Blake*, 971 S.W.2d at 454–55 (citations omitted); *see also Villarreal v. State*, 576 S.W.2d 51, 56 (Tex.Crim.App.1978); *Singletary v. State*, 509 S.W.2d 572, 576 (Tex. Crim.App.1974).

In previous cases the court has elaborated on these requirements. In *O'Donald v. State* the court noted that the corroborating evidence must tend to connect the accused with the offense committed. *See O'Donald v. State*, 492 S.W.2d 584, 587 (Tex.Crim.App.1973). The corroboration is not sufficient if it merely shows the commission of the offense. *See id.* The corroboration is also not sufficient if it

consists merely of the testimony of another accomplice witness. *See Moron*, 779 S.W.2d at 401.

To make the determination under the above criteria, the entire record is examined for evidence raising the issue of whether or not a particular witness is an accomplice. *See Cruz v. State*, 690 S.W.2d 246, 250 (Tex.Crim.App.1985). In doing so, we eliminate from our consideration the evidence from the accomplice witness and examine the remaining evidence to ascertain if there is inculpatory evidence, that is, evidence of incriminating character, which tends to connect the defendant with the commission of the offense. *See id.* An accomplice witness charge is required if raised by the evidence. *See Harris v. State*, 645 S.W.2d 447, 456 (Tex.Crim.App. 1983).

The evidence of Patricia's actions is summarized in the briefs of both the State and Lane, although their characterizations of those actions are somewhat different in the two briefs. Patricia was present when Lane told Shank and Eason that he knew of an old man who carried lots of money in cash. Patricia was present when Lane, Shank and Eason planned the crime. Patricia was a passenger in Lane's truck as he drove Shank and Eason to the scene of the crime and let them out of the truck to commit the crime. Patricia remained present in the truck when Shank and Eason returned the first time without committing the robbery, traveled back to Lane's residence in the truck, and were there encouraged by Lane to begin anew and carry out the robbery plan. Patricia was a passenger in the truck when Lane again drove Shank and Eason to the crime scene. Patricia was present when the pair returned to the truck after committing the robbery, and accompanied the trio back to Lane's residence. At the residence, she

3. Article 38.14 of the Texas Code of Criminal Procedure provides:

A conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense.

was present when the other three divided up the cash taken from Doss. She also saw Shank toss his dirty clothing into the bathtub.

Taking these facts as a whole and measuring them against the criteria espoused by the court of criminal appeals, we do not believe that an issue as to whether Patricia was an accomplice was raised by the evidence. The record is replete with facts showing Patricia was present during the entire series of events that night and knew full well what the other three actors were doing. However, Patricia committed no affirmative act in furtherance of the crime. Further, her omission of not stopping the crime and not alerting anyone about the crime was not an omission that our laws have criminalized so that she would become an accomplice by omission. *See* TEX.PENAL CODE ANN. § 6.01(c) (Vernon 1994). In sum, we disagree with Lane's characterization of the facts as outlined in his brief.[4] There was simply no accomplice witness fact issue raised for the jury to decide. We therefore hold that the trial judge did not err in denying Lane's request for an instruction on Patricia's status as an accomplice. Point number two is overruled.

The judgment of the trial court is affirmed.

---

4. Lane characterizes Patricia's presence during the entirety of the planning and execution of this crime as action that raises an issue of her witness status as a possible accomplice.

We are not bound by assertions in a brief that are not supported by the record. *See Ex parte Preston,* 833 S.W.2d 515, 519 (Tex.Crim.App. 1992).