In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-00-324 CR


____________________



VAN ALERIC JACKSON, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the Criminal District Court


Jefferson County, Texas


Trial Court No. 78883






O P I N I O N


 Van Aleric Jackson was convicted of aggravated robbery. See Tex. Pen. Code
Ann. § 29.03(a)(3)(A) (Vernon 1994). Jackson's first point of error alleges that the
evidence is factually insufficient to support the finding that Jackson caused bodily injury;
the second point of error alleges that the evidence is factually insufficient to support a
finding that Jackson "intentionally, knowingly or recklessly" caused bodily injury; and the
third alleges that the evidence was legally insufficient to support the conviction because
Jackson never "struck, hit, touched, contacted or pushed" the complaining witness.

Background

 The complainant, age 77, testified that he parked his car in front of a Beaumont
convenience store to buy cigarettes. He left his keys in the ignition. When he came back
outside, a man was sitting in the driver's seat of the complainant's car. The complainant
reached in the car window to get his car keys, but was pushed back. The man in the car
tried to close the car door, and the complainant tried to pull it open. The complainant
testified that when he told the man to get out of his car, the man replied that "he's driving
the car off and I better get -- better keep my distance or get away." As the two continued
to struggle over the door, he "kept slamming it across my -- the ends of my fingers[,]"
according to the complainant. His testimony continued as follows:

 Q. All right. So eventually did he get the car started?


 Yes. He got it started and he got it in gear and I was holding onto the
car some -- in some manner and he drove forward and my -- my
hands came loose from the door. It was slammed. And I was trying
to hold onto the car. . . .



 Q. Were you dragged at all any time, Judge?


 A. Well, the momentum of the car, yes, threw me to the -- threw me to
the ground and --


 Q. How far do you think you were dragged by the car before you were
able to let go of the car?


 A. About my body length. I'm 5'11.



 . . . .

 Q. And after you were able to let go of the car, did you -- where did
your body go?

 

 

 I went forward and I didn't get any abrasions on my hand but my left
knee hit the ground, as did my right elbow and -- I got a cut through
my khaki pants and on my left knee, and I later found out that I had
gotten an abrasion like a strawberry to my right elbow. 



 The complainant stated that the injury to his right elbow eventually became infected,
requiring treatment with antibiotics. "It hurt considerably." The elbow "kept [him] awake
a couple of nights" and was eventually X-rayed to determine whether the bone was
chipped. 

 A second prosecution witness testified that it "looked as if [complainant] had his
hands in the door and there was a struggle for the door and his hands were getting
slammed into the door." He testified that he saw the complainant fall and also that "I had
to spin out of the way to keep from having the car hit me." A police officer who
responded testified that the victim's hands were bruised and that his left knee had an
abrasion. 



Legal Sufficiency

 We will address the third point of error first, since a finding of legal insufficiency
would entitle Jackson to acquittal. See Moron v. State, 779 S.W.2d 399, 403 (Tex. Crim.
App. 1985). In evaluating the legal sufficiency of evidence, we view the evidence in the
light most favorable to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia,
443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We consider all evidence
presented at trial, although we may not re-weigh the evidence and substitute our judgment
for that of the jury. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). Jackson
contends that the evidence is legally insufficient to support his conviction, because (A) he
"at no time ever struck, hit, touched, contacted or pushed the complaining witness"and 
(B) "there is no evidence of injury." 

 Evidence that a victim was dragged with an automobile can support an aggravated
robbery or aggravated assault conviction of the driver. See Gilchrest v. State, 904 S.W.2d
935, 939 (Tex. App.--Amarillo 1995, no pet.); see also Cole v. State, 46 S.W.3d 427, 430
(Tex. App.--Fort Worth 2001, pet. ref'd); Noyola v. State, 25 S.W.3d 18, 20 (Tex. App--El Paso 1999, no pet.); and Sneed v. State, 803 S.W.2d 833, 837 (Tex. App.--Dallas
1991, pet. ref'd.). The legal sufficiency of the evidence under Tex. Pen. Code Ann. §
29.03(a)(3)(A) is not called into question merely because the implement used to inflict
bodily harm was a car rather than a fist. Jackson's first argument lacks merit.

 Jackson's second contention, that there is no evidence of bodily injury, also lacks
merit. "'Bodily injury' means physical pain, illness, or any impairment of physical
condition." Tex. Pen. Code Ann. § 1.07(a)(8) (Vernon 1994). The Court of Criminal
Appeals has held:

 This definition appears to be purposefully broad and seems to encompass
even relatively minor physical contacts so long as they constitute more than
mere offensive touching. In fact, the degree of injury sustained by a victim
and the "type of violence" utilized by an accused appear to be of no
moment[.]


Lane v. State, 763 S.W.2d 785, 786 (Tex. Crim. App. 1989). The complainant testified
that appellant slammed the door repeatedly on the complainant's fingers, that his knee was
cut and that the injury to his elbow became infected, painful enough to "ke[ep] me awake
a couple nights" and to require antibiotics and an X-ray. Photographs of the injuries to
the complainant's hands and knee were entered into evidence. A rational jury could have
found beyond a reasonable doubt that appellant inflicted bodily injury on the complainant.
Point of error three is overruled. 

Factual Sufficiency

 In reviewing a factual sufficiency challenge, we conduct a review of all the
evidence, both for and against the finding, to determine whether proof of guilt is so
obviously weak as to undermine confidence in the jury's determination. See King, 29
S.W.3d at 563. We compare the evidence that tends to prove the existence of the fact in
dispute to the evidence that tends to disprove it. Santellan v. State, 939 S.W.2d 155, 164
(Tex. Crim App. 1997). We will reverse the factfinder's determination only if a manifest
injustice has occurred. See King, 29 S.W.3d at 563. 

 Jackson's first point of error challenges the factual sufficiency of the evidence that he
inflicted bodily injury on the complainant, as well as the sufficiency of the evidence that he
used "violence" against the complainant. We find the evidence of bodily injury discussed
above factually, as well as legally, sufficient to sustain the verdict. Dragging a victim with
a motor vehicle constitutes violence. Point of error one is overruled. 

 Jackson's second point of error argues that the evidence is factually insufficient to
prove a culpable mental state. The Penal Code states that someone commits robbery if he
"intentionally, knowingly, or recklessly causes bodily injury to another" in the course of
committing theft. Tex. Pen. Code Ann. § 29.02(a)(1) (Vernon 1994). The indictment and
jury charge tracked this statutory language. Jurors may infer knowledge and intent from the
acts, words, and conduct of the accused. See Martinez v. State, 844 S.W.2d 279, 283 (Tex.
App.--San Antonio 1992, pet. ref'd). The complainant testified that, as he tried to get
Jackson out of the car, Jackson "said he's driving the car off and I better get -- better keep
my distance or get away." Jackson then continued to slam the car door on the complainant's
fingers, and put the car in gear and drove off, although the complainant was still trying to
hold on to the car. The testimony that Jackson repeatedly slammed the door on the victim's
fingers is itself factually sufficient to allow the jury to find that Jackson intended to cause
bodily injury; the testimony that he then accelerated with the victim still holding on to the
car makes the evidence of intent overwhelming. Jackson's second point of error is overruled.

 The judgment of the trial court is AFFIRMED.

 

 

 ________________________________

 DAVID B. GAULTNEY 
 Justice

 

Submitted on March 29, 2002

Opinion Delivered May 1, 2002

Do Not Publish


Before Walker, C.J., Burgess, and Gaultney, JJ.