ACCEPTED
06-15-00011-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/9/2015 3:44:05 PM
DEBBIE AUTREY
CLERK

**06-15-00011-CR**

# IN THE COURT OF APPEALS FOR THE

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
7/9/2015 3:44:05 PM
DEBBIE AUTREY
Clerk

# SIXTH APPELLATE DISTRICT OF TEXAS

# TEXARKANA, TEXAS

_____

**TERRENCE LAVON DAVIS,**

**Appellant**

**v.**

**STATE OF TEXAS,**

**Appellee**

_____

**BRIEF FOR APPELLANT**

_____

**APPEAL FROM THE 202nd DISTRICT COURT
BOWIE COUNTY, TEXAS**

**Trial Court No. 14F0109-202**

**ORAL ARGUMENT IS NOT REQUESTED**

**Alwin A. Smith**
**SBN: 18532200**
**602 Pine Street**
**Texarkana, Texas 75501**
**903-792-1608**
**903-792-0899 Fax**
**al@alwinsmith.com**
***Attorney for Appellant***

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a) (2005), the parties to this suit are as follows:

1.    **Terrence Lavon Davis** is the Appellant and was the Defendant in trial court.

2.    **The State of Texas,** by and through the Bowie County Criminal District Attorney's Office, 601 Main Street, Texarkana, Texas,  is the Appellee and prosecuted this case in the trial court.

The trial attorneys were as follows:

1.    **Terrence Lavon Davis** was represented by **Rick Shumaker** .

2.    **The State of Texas** was represented by **Jerry D. Rochelle,** District Attorney and **Michael Shepherd**, Assistant District Attorney.

 The appellate attorney is as follows:

1.    **Terrence Davis** is represented by **Alwin A. Smith**, 602 Pine Street, Texarkana, Texas   75501.

2.    **The State of Texas** is represented by **Jerry D. Rochelle**, District Attorney and **Michael Shepherd**, Assistant District Attorney, 601

Main Street, Texarkana, Texas 75501.

# TABLE OF CONTENTS

**Page**

Identity of Parties and Counsel . . . . . . . . . . . . . . ii

Table of Contents . . . . . . . . . . . . . . iii

Index of Authorities . . . . . . . . . . . . . . v

Statement of the Case . . . . . . . . . . . . . . 1

Issues Presented . . . . . . . . . . . . . . 2

Statement of Facts . . . . . . . . . . . . . . 3

Summary of the Argument . . . . . . . . . . . . . . 5

Argument and Authorities . . . . . . . . . . . . . . 6

 **Issue No. 1:** . . . . . . . . . . . . . . 6

 The State Failed to Corroborate the Testimony
 of the Accomplice with Sufficient Evidence
 That the Appellant Committed the Offense of
 Aggravated Robbery

 **Issue No. 2:** . . . . . . . . . . . . . . 10

 The Trial Court Committed Reversible Error
 in Giving the Jury an Insufficient Instruction
 on the Law of Accomplice Testimony

 **Issue No. 3:** . . . . . . . . . . . . . . 14

 The Trial Court Committed Error in Refusing
 to Grant the Appellant's Motion for Continuance
 after Discovery of the Prosecutor's Misconduct

in Misleading the Appellant's Counsel as to
the Testimony of Witness Rutledge


Conclusion . . . . . . . . . . . . . . 23

Certificate of Service . . . . . . . . . . . . . . 24

# INDEX OF AUTHORITIES

Cases

Page

*Barney v. State,* 698 S.W.2d 114 (Tex.Crim.App. 1985). . . . . . . . . . .  21

*Casanova v. State,* 383 S.W.3d 530, 533 (Tex.Crim.
    App.2012)                   . . . . . . . . . . . . . . . . .  12

*Cockrum v. State,* 758 S.W.2d 577, 581 (Tex. Crim. App.
    1988)                       . . . . . . . . . . . . . . . . 7

*Gallo v. State,* 239 S.W.2d3d 757, 764 (Tex. Crim.
    App.2007)                . . . . . . . . . . . . . . . . 20

*Hardie v. State,* 79 S.W.3d 625, 629 (Tex.App. - Waco
    2002)                       . . . . . . . . . . . . . . . . 11

*Hernandez v. State,* 939 S.W.2d 173, 176 (Tex. Crim.
    App. 1997)               . . . . . . . . . . . . . . . . 6

*March v. State,* 44 Tex. 64, 83 (1875)    . . . . . . . . . . . . . . . . 21

*Moron v. State,* 779 S.W.2d 399, 401 (Tex.Crim.App.
    1985)                       . . . . . . . . . . . . . . . . 7

*Ngo v. State,* 175 S.W.3d 738, 744 (Tex.Crim.App.2005). . . . . . . . .  12

*Posey v. State,* 966 S.W.2d 57, 61 (Tex. Crim. App.1998). . . . . . . . .  10

*Romero v. State,* 136 S.W.3d 680, 689 (Tex.App.-
    Texarkana 2004)        . . . . . . . . . . . . . . . . 22

*Zamora v. State,* 411 S.W.3d 504, 513 (Tex.Crim.App.
    2013)                       . . . . . . . . . . . . . . . . 12

Rules/Statutes

Texas Rules of Criminal Procedure, 404b . . . . . . . . . . . . . . . . . 16

Texas Rules of Criminal Procedure, Art. 29.13 . . . . . . . . . . . . . . . . . 19

Texas Rules of Criminal Procedure, Art. 38.14 . . . . . . . . . . . . . . . . . 6

Texas Rules of Criminal Procedure, Article 39.14. . . . . . . . . . . . . . . 14

## STATEMENT OF THE CASE

This is an appeal from a criminal conviction for the offense of Aggravated Robbery.

The Appellant was indicted by the Bowie County Grand Jury for the offense of Aggravated Robbery on May 29th, 2014, for an offense alleged to have been committed on or about January 17, 2014. C.R., pg. 28. The indictment also alleged that the Appellant was a repeat offender having been previously convicted of the offense of Engaging in Organized Criminal Activity.

The Appellant was tried before a jury which began on December 9, 2014, and was concluded on December 11, 2014. After finding the Appellant guilty, the Appellant pled true to the enhancement paragraph and the jury assessed his punishment at 55 years in the Institutional Division of the Texas Department of Corrections and assessed a fine of $10,000.00.


## STATEMENT REGARDING ORAL ARGUMENT

Counsel for Appellant does not believe that oral argument is necessary for the Court to make a ruling in this matter.

## ISSUES PRESENTED

**Appellant's First Issue on Appeal**

> The State Failed to Corroborate the Testimony of the Accomplice with Sufficient Evidence That the Appellant Committed the Offense of Aggravated Robbery

**Appellant's Second Issue on Appeal**

> The Trial Court Committed Reversible Error in Giving the Jury an Insufficient Instruction on the Law of Accomplice Testimony

**Appellant's Third Issue on Appeal**

> The Trial Court Committed Error in Refusing to Grant the Appellant's Motion for Continuance after Discovery of the Prosecutor's Misconduct in Misleading the Appellant's Counsel as to the Testimony of Witness Rutledge

**STATEMENT OF FACTS**

During the early morning hours of January 17th, 2014, two men entered the EZ Mart store located on Summerhill Road, in Texarkana, Bowie County, Texas. Vol. 3, pgs. 28-29. One of the men was wearing a hoodie over his head and the other was not. Vol. 3, pg. 30. The man wearing the hoodie approached the counter to make a small purchase and showed the clerk a gun and told him to open the cash register. Vol. 3, pgs. 31-2. He was ordered to get on the floor by both men. Vol. 3, pg. 34. The two men took the money out of the register and the man not wearing the hoodie took a large number of cigarettes from the store. Vol. 3, pg. 33.

After the robbery, the clerk informed the police that he could identify the person who robbed him. Vol. 3, pg. 98. Approximately two weeks after the robbery the clerk went to the police station and identified a person in a photo lineup showed to him, that contained a photo of the Appellant. Vol. 3, pgs. 39-40. The Appellant picked the picture of a person known as Morris Mitchell as the person who robbed him. Vol. 3, pg. 162.

The police were able to discover a fingerprint on one of the cigarette packages handled by the second robber, and identified him as Calvin Whaley. Vol. 3, pgs. 100-1. The crime scene officer took no fingerprints from the

counter of the store, nor did he attempt to get any DNA from the area where the robber with the hoodie was touching the counter and register. Vol. 3, pgs. 106-8.  After Calvin Whaley was arrested he identified his accomplice as a person whom he knew as "T", who the police believed to be the Appellant. Vol. 3, pg2. 131-2.

The Appellant was arrested by the police and interviewed but denied any involvement in the crime. Vol. 3, pg. 141-3.

## SUMMARY OF ARGUMENT

**Issue Number One**:  The State Failed to Corroborate the Testimony of the Accomplice with Sufficient Evidence That the Appellant Committed the Offense of Aggravated Robbery

>   The State failed to corroborate the testimony of Calvin Whaley, the accomplice as the witness Toni Rutledge was not credible in that she was receding some benefit for testifying against the Appellant, and was angry with the Appellant.

**Issue Number Two**: The Trial Court Committed Reversible Error in Giving the Jury an Insufficient Instruction on the Law of Accomplice Testimony

>   The trial court committed reversible error in its charge to the jury on the law of accomplice witness testimony in that the instruction given limited the jury's inquiry of corroboration to testimony only and not all of the evidence.

**Issue Number Three:** The Trial Court Committed Error in Refusing to Grant the Appellant's Motion for Continuance after Discovery of the Prosecutor's Misconduct in Misleading the Appellant's Counsel as to the Testimony of Witness Rutledge

>   The trial court committed error in failing to grant the Appellant a continuance pursuant to Article 29.13, which was requested  and required because of the misconduct of the State.

# ARGUMENT

## Issue Number One

**The State Failed to Corroborate the Testimony of the Accomplice with Sufficient Evidence That the Appellant Committed the Offense of Aggravated Robbery**

The Appellant was convicted of the offense of Aggravated Robbery upon the testimony of the accomplice Calvin Whaley who testified on behalf of the State. Vol. 3, Pg. 57. Whaley testified that the robbery was the Appellant's idea, and that the Appellant is the person seen in the video with him, who displayed the firearm. Vol. 3, pgs. 75-78.

Article 38.14, of the Texas Code of Criminal Procedure provides that "a conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Art. 38.14, Tex.Crim.Proc. (Vernon's 2015).

To determine whether the State has sufficiently corroborated the accomplice's testimony, this Court must eliminate from consideration the testimony of the accomplice witness and examine the remaining evidence to ascertain whether there is evidence which tends to connect the accused to the offense. *Hernandez v. State*, 939 S.W.2d 173, 176 (Tex.Crim.App.1997);

6

*Cockrum v. State*, 758 S.W.2d 577, 581 (Tex.Crim.App.1988). The corroborating evidence need not directly link the accused to the offense or be sufficient in itself to establish guilt; instead, the corroborating evidence need only tend to connect the accused to the crime committed. *Moron v. State*, 779 S.W.2d 399, 401 (Tex.Crim.App.1985).

In the case at bar, the testimony before the jury was that two men, one wearing a hoodie over his head and Whaley entered the EZ Mart on Robinson Road in Texarkana, Texas and robbed the store of cash and cigarettes. Vol. 3, pgs. 28-33. The store employee, Darrin Conover, testified that after the robbery he told the investigators that he could identify the robber who produced the gun. Vol. 3, pgs. 35-36. Conover, however, testified during his direct examination that he could not identify the person holding the gun during the robbery. Vol. 3, pgs. 36-7. He later testified that he was shown a line-up and picked out the man he identified as the one holding the gun. Vol. 3, pg. 44. He further went on to identify scars on the person's face that he identified. Vol. 3, pg. 44. The person he identified was a person named Mitchell Morris. Vol. 3, pg. 46. On cross examination, Conover first denied that he had ever spoken to anyone in the Bowie County District Attorney's Office about the case. Vol. 3, pgs. 39-40. He further denied that he spoke with

7

anyone about his identification of Morris as the person who robbed him. Vol. 3, pg. 42. He later changed his testimony, and admitted that he did speak to the Assistant District Attorney and that it was not until he spoke to the Assistant District Attorney, that he learned that there was a question about his identification of the person who robbed him. Vol. 3, pg. 42. Mr. Conover testified that when he made the identification of Morris as the robber, that the police wanted him to be certain of his identification and that he was in fact certain of his identification. Vol. 3, pg. 44. The witness also testified that it was not until a year later, after he spoke with the Assistant District Attorney did he begin to question his identification of the robber. Vol. 3, pg. 46.

The State called Toni Rutledge as their only witness to corroborate the testimony of Whaley. Vol. 3, pg. 109. Rutledge testified that she was the mother of the Appellant's two daughters and that they had been in a relationship. Vol. 3, pgs. 110-11. Rutledge testified that even though she had been with the Appellant for nine years, she had never heard of Whaley the accomplice. Vol. 3, pg. 113. Over objection, Rutledge was allowed to testify that it was her opinion that the man's voice in the video of the robbery, was that of Appellant's. Vol. 3, pgs. 115-6. Rutledge also testified that the person in the video was wearing a hoodie similar to one owned by the Appellant, but that

8

she was too mad at the Appellant the day after the robbery to remember what else he was wearing. Vol. 3, pgs. 119-120. Rutledge also testified that the only reason she was testifying on direct examination was because she was subpoenaed. Vol. 3, pg. 121.

On cross examination, however, the witness testified that she did not talk to defense counsel prior to trial because she felt like she didn't benefit from talking to them. Vol. 3, pg. 124. When pressed as to what she meant by "she didn't benefit from talking to them", the witness would not give an answer and the trial court ordered counsel to move on. Vol. 3, pgs. 124-6.

The State ended their case by calling Detective Thacker with the Texarkana Police Department. Vol. 3, pg. 130. Detective Thacker testified that the first time that he interviewed the accomplice Whaley, he was told that the man with him during the robbery was in jail at that time. Vol. 3, pg. 162. He further testified that he later became aware that the man the victim had identified, Morris, was in jail. Vol. 3, pg. 163.

It being clear that the evidence presented by the State lacked corroboration of the accomplice's testimony the conviction in this matter should be reversed.

## Issue Number Two

**The Trial Court Committed Reversible Error in Giving the Jury an Insufficient Instruction on the Law of Accomplice Testimony**

At the conclusion of the testimony in this matter the trial court provided to the jury an instruction on the law of accomplice testimony. C.R., pg. 69. In the instruction the trial court informed the jury that Calvin Whaley was an accomplice. C.R., pg. 71.

Once the trial court determines that the witness is an accomplice the trial court is required to give the jury an instruction on that fact in accordance with Article 38.14. _Posey v. State_, 966 S.W.2d 57, 61 (Tex.Crim.App. 1998).

The trial court correctly instructed the jury that Whaley was an accomplice as a matter of law. C.R., pg. 71. However, the remainder of the instruction given by the trial court was flawed.

A correct jury instruction on the accomplice witness rule instructs the jury that

"You are further instructed that a conviction cannot be had upon the testimony of an accomplice unless the jury first believes that the accomplice's evidence is true and that it shows the defendant is guilty of the offense charged against him, and even then you

cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the commission of the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must tend to connect the defendant with its commission." (Emphasis added) _Hardie v. State_, 79 S.W.3d 625, 629 (Tex.App.—Waco 2002).

The trial court instructed the jury that "the witness, Calvin Whaley, is an accomplice, if an offense was committed, and you cannot convict the defendant upon his testimony unless you first believe that his testimony is true and shows that the defendant is guilty as charged, and then you cannot convict the defendant upon said testimony unless you further believe that there is other testimony in the case, outside the evidence of Calvin Whaley tending to connect the defendant with the offense committed, If you find that an offense was committed, and the corroboration is not sufficient if it merely shows the commission of the offense, but it must also tend to connect the defendant with its commission, and then from all of the evidence you must believe beyond a reasonable doubt that the defendant is guilty of the offense charged against him." C.R., pg. 71. (emphasis added).

11

By limiting the jury's inquiry to "other testimony", the trial court in effect told the jury that it must find the Appellant guilty because of the testimony of Toni Rutledge. By focusing only on whether or not there was "other testimony" tending to connect the Appellant with the offense, the jury was instructed to disregard the other evidence that called into question the validity of the testimony.

The accomplice witness instruction is part of the law of the case. *Zamora v. State*, 411 S.W.3d 504, 513 (Tex.Crim.App. 2013). "This Court has definitively held that the procedural framework of *Almanza* applies to accomplice-witness instructions, both as a matter of law and as a matter of fact, based on evidence that the witness was a direct party to the offense. *Casanova v. State*, 383 S.W.3d 530, 533 (Tex.Crim.App.2012)". *Zamora* at 513.

At trial counsel for Appellant did object, while in artfully, to the instruction given to the jury as put forth in the charge to the jury. Vol. 4, pg. 6. "If an objection was made at trial, we then determine whether appellant has demonstrated "some harm" from the error." *Ngo v. State*, 175 S.W.3d 738, 744 (Tex.Crim.App.2005). By limiting the jury's consideration to whether or not there was "other testimony" that connected the Appellant to the crime, the

Appellant was denied the right to have the jury to determine if that "testimony" was credible. Without the ability to consider all of the evidence that went against the witnesses "testimony" as instructed, the jury was in effect powerless to weigh all of the evidence in this case.

## ISSUE NUMBER THREE

**The Trial Court Committed Error in Refusing to Grant the Appellant's Motion for Continuance after Discovery of the Prosecutor's Misconduct in Misleading the Appellant's Counsel as to the Testimony of Witness Rutledge**

After the Appellant's arrest, but before the return of the indictment by the Grand Jury, the Appellant filed with the trial court his own motion for discovery on February 20, 2014. C.R., pg. 15. Counsel for Appellant additionally filed a motion for notice of State's intent to use extraneous evidence, C.R., pg. 30, along with a motion for discovery of punishment evidence, C.R., pg. 33, on October 20, 2014. On December 3, 2014, counsel for Appellant filed with the trial court a motion for compliance with Article 39.14. C.R., pg. 47. The following day, December 4, 2014, Appellant's counsel filed an additional motion for compliance with Article 39.14. C.R., pg. 49. The latter motion contained an additional request that the State notify Appellant's counsel of the name and address of any witness who would make an in court identification of the Appellant. Id.

On December 9, 2014, counsel for Appellant filed with the trial court, prior to jury selection a motion in limine. C.R., pg. 63. The trial court conducted a hearing on the motion, wherein, Appellant's counsel asked the

14

trial court to prohibit the State from putting any evidence before the jury with regard to identification, as the State had failed to respond to the request made on December 4, 2014. Counsel for Appellant specifically pointed out to the trial court that he had requested information regarding witnesses that would be called for identification purposes and that the State had not responded. Vol. 2, pg. 5. When the trial court asked the Assistant District Attorney about the specific request, the State responded:

> MR. SHEPHERD: "The original motion for discovery the State responded to way back, and the Defense did send a series this past week of additional motions. The State had already provided the Defense a complete witness list of all witnesses the State intended to call. The State provided the Defense the name of Toni Rutledge. Obviously she's not an eyewitness to the offense, but it is clear to the Defense that she would be someone that would know the Defendant and would be able to possibly make an identification based on her living with him and being the father of two of her children." Vol. 2, pg. 6.

In response, counsel for the Appellant informed the trial court:

15

MR. SHUMAKER: "Judge, we were never given anything that that witness was going to testify as to that information. The only thing they told us is through an extraneous offense deal that she was going to testify that he supposedly possessed a gun or something in October of 2013. And we feel like if *Brady* is to have any teeth to it, that is the exact kind of information that's in the possession of the State that's entitled to be produced. They sent us a witness list, Judge, stating what every other witness was going to testify to. There's absolutely no mention that she's going to attempt to identify his voice." Vol. 2, pg. 6.

Appellant's counsel goes on to state that he was provided a response to notice of 404(b) evidence that included the information that witness Rutledge was being called to testify to a matter regarding the possession of a gun. Vol. 2, pg. 7. The trial court carried the motion along until such time as it had to research the matter. Vol. 2, pg. 9.

The following morning, after the jury had been selected, the Appellant's counsel filed a motion to suppress identification. C.R., pg. 61. In his argument before the trial court, Appellant's counsel reiterated that in response to his

request for notice under 404(b), the State responded in writing that witness Rutledge was going to testify to a matter involving a gun in October of 2014. Vol. 3, pgs. 7-8. Both times counsel for Appellant put on the record that he was told the witness would be testifying to the October matter, the State did not disagree. In response to the Appellant's motion the State responded:

> MS. SUTTON: "Your Honor, as far as the request that the Defense filed last week, that request tracked the language of the Morton Act, that statute, and then Mr. Shumaker tacked on the end the portion about voice identification. I don't believe that that is something that is required by statute for us to tell him that a witness is going to be able to make an identification of the Defendant based on their personal knowledge. That's something that we ask of any witness that is able to do such, that they identify the Defendant based on their personal knowledge, and that's entirely admissible. And for the Defendant to say that he would not know that his client's girlfriend/spouse of nine years would be able to make such identification seems pretty unreasonable." Vol. 3, pgs. 8-9.

The trial court again carried the motion and instructed the attorneys to not mention the witness and to not present any evidence until such time as the trial court could re-address the matter. Vol. 3, pg. 9. At the trial court's morning break, the trial court again took up the matter of the Appellant's motion. Vol. 3, pg. 52. The trial court ruled that even though the State had made reference that the defense was notified that the witness was going to testify to an extraneous offense, the trial court would overrule the Appellant's motion. Vol. 3, pg. 53. Upon hearing the trial court's ruling, counsel for the Appellant then presented the trial court with a verified written motion for continuance. C.R., pg. 63, Vol. 3, pg. 53. In requesting the continuance, Appellant's counsel argued:

MR. SHUMAKER: Just a second, Judge. In that regard, I have a motion for continuance that I'm going to file that's sworn to that I would ask the Court to file, in that this information was not provided to us. Had we known that there was going to be a voice identification, we would have requested a consulting expert to have had a chance to analyze this to see if it was in fact could be

18

attributed to the Defendant. It has changed our whole trial strategy of this case. We're claiming surprise at this point that it was given to us the last day, and we're asking for a continuance. It won't prejudice anybody for us to have a two-week continuance to have a chance to secure an expert and to be able to adequately cross examine this lady, and I will further state we have attempted to contact her and she refuses to talk to us. The Defendant's right to receive effective assistance of counsel will be prejudiced at trial, Judge, if we're not allowed a continuance to have an opportunity to investigate this matter further." Vol. 3, pg. 53.

The trial court denied the Appellant's motion for a continuance. Vol. 3, pg. 55.

Article 29.13, of the Texas Code of Criminal Procedure provides, "a continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had." Art. 29.13,

Tx.C.Crim.Proc. (Vernon's 2015).

The Court of Criminal Appeals has consistently stated: "We review a trial court's ruling on a motion for continuance for abuse of discretion. *Janecka v. State,* 937 S.W.2d 456, 468 (Tex.Crim.App.1996). To establish an abuse of discretion, there must be a showing that the defendant was actually prejudiced by the denial of his motion. *Id*. A bare assertion that counsel did not have adequate time to interview the State's potential witness does not alone establish prejudice. *Heiselbetz v. State,* 906 S.W.2d 500, 512 (Tex.Crim.App.1995). *Gallo v. State,* 239 S.W.3d 757, 764 (Tex.Crim.App. 2007).

The case before this Court however, is quite different from most requests made under Article 29.13. In this case, the Appellant was informed by the State that a particular witness would appear for a limited purpose, when in fact the State intended to use her as its main and only corroboration witness in the case. But for the representations made by the State with regard to what she would have testified to, any attorney would have pursued an interview with the witness. Once discovered, that she was to testify to the voice identification of the Appellant, any attorney would have sought the assistance of either an expert, or other witnesses familiar with Appellant who would have

20

potentially contradicted the testimony of Rutledge.  If deception be practiced upon the defendant in relation to the attendance of a state's witness, it may constitute surprise.  *March v. State* , 44 Tex. 64, 83 (1875) .

It is clear, that had the State merely listed the witness in its disclosure, then the Appellant's claim of surprise should, and most probably would have fallen on deaf ears. *Barney v. State*, 698 S.W.2d 114 (Tex.Crim.App 1985). But when the State, intentionally or not, directly deceives the defendant as to the testimony of a witness, it cannot, in good faith claim that the Defendant would not be harmed.

The most important right that any defendant has while facing a criminal accusation is that of a fair trial. "The guarantee of due process under the Fourteenth Amendment includes the right to a fair trial, and basic to this right is the presumption of a defendant's innocence. *Marx,* 987 S.W.2d at 581 (citing *Holbrook v. Flynn,* 475 U.S. 560, 106 S.Ct. 1340, 89 L.Ed.2d 525 (1986)). "To implement the presumption, courts must be alert to factors that may undermine the fairness of the fact-finding process," and, "[i]n the administration of criminal justice, courts must carefully guard against dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt." *Id*. (quoting *Estelle v. Williams,* 425 U.S. 501,

21

503, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976)).” *Romero v. State*, 136 S.W.3d 680, 689 (Tex.App.—Texarkana 2004). To allow the State to benefit from this event makes a mockery of the notion of a fair trial and does violence to the spirit of Article 39.14, as amended by the Michael Morton Act.

# CONCLUSION

It is for the reason stated in point of error number one that Appellant prays that this Court reverse his conviction and render an order of acquittal or in the alternative for the reasons stated in point of error numbers two and three that this honorable court reverse his conviction and remand his case to the trial court for a new trial consistent with the law.

Respectfully submitted,

*/s/Alwin A. Smith*
Alwin A. Smith
TBN: 18532200
al@alwinsmith.com
602 Pine Street
Texarkana, Texas 75501
903/792-1608
903/792-0899 Fax

## Certificate of Compliance

Pursuant to the Tex. R. App. P. 9.4(i)(3), I hereby certify that this brief contains 3,582 words (excluding the caption, table of contents, table of authorities, signature of proof of service, certification and certificate of compliance). This is a computer-generated document created in Wordperfect, using 14 point typeface for all text. In making this certificate of compliance, I am relying on the word count provided by the software used to prepare the document.

*/s/Alwin A. Smith*

## Certificate of Service

This is to certify that a true and correct copy of Appellant's Brief has been forwarded to the Appellant, Terrence Lavon Davis, #1972854, Ferguson Unit, 12120 Savage Drive, Midway, Texas 75852 and Mr. Michael Shepherd, 601 Main Street, Texarkana, Texas 75501, Attorney for the State, 601 Main Street, Texarkana, Texas 75501, on this the 9th day of July 2015, by placing the same in the U.S. Mail or private courier service.

*/s/Alwin A. Smith*